260 N.J. Super. 89 (1992)
615 A.2d 286
NORMA EHRLICH, PETITIONER-APPELLANT,
v.
STRAWBRIDGE & CLOTHIER, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 21, 1992.
Decided November 5, 1992.
Before Judges PETRELLA, LONG and KEEFE.
*90 Edwin P. Gant, attorney for appellant.
Montano, Summers, Mullen, Manuel, Owens & Gregorio, attorneys for respondent (Craig W. Summers, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Petitioner Norma Ehrlich appeals from the dismissal of her Workers' Compensation claim. The Workers' Compensation judge, applying the literal terms of N.J.S.A. 34:15-36, concluded that petitioner's accident did not happen in the course of her employment because "[p]etitioner had left the employer's premises and was on a portion of public sidewalk...." We reverse the judgment under review for the reasons stated herein.
The undisputed facts as found by the Workers' Compensation judge are that petitioner was a sales associate employed by respondent on December 9, 1988. At approximately 6:15 p.m., the end of the her work day, petitioner "rang out" and exited through a door designated by respondent for the exclusive use of its employees. The door led to a metal staircase terminating at an exterior sidewalk which petitioner had to traverse before reaching the parking lot where her car was parked. Petitioner took only a few steps from the staircase when she slipped and fell on ice.
Respondent's personnel manager testified that employees were not required to park in any specific location in the parking lot but were required to use the employee entrance when entering or leaving the premises. While respondent maintained and assumed the responsibility for everything within the store premises, the owner of the mall was responsible for the maintenance of "everything outside the doors of the store."
The outcome of this case is controlled by the principles announced by our Supreme Court in Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 543 A.2d 45 (1988). In Livingstone, the Court extensively analyzed the body of case law dealing with the "going and coming rule" beginning with *91 Bryant v. Fissell, 84 N.J.L. 72, 86 A. 458 (Sup.Ct. 1913), up to the 1979 amendment to N.J.S.A. 34:15-36. Livingstone, supra, 111 N.J. at 95-100, 543 A.2d 45. In that analysis, the Court identified a group of cases holding that "parking lots owned, maintained, or provided by employers were to be considered part of the employer's premises, and that injuries occurring in such lots before or after the actual work day arose out of and in the course of employment." Id. at 99, 543 A.2d 45 (emphasis added). That group of cases included injuries sustained on sidewalks connecting employee parking lots with the entrance to the employer's premises. Id. at 99-100, 543 A.2d 45; see Lewis v. Walter Scott & Co., 50 N.J. Super. 283, 141 A.2d 807 (App.Div. 1958). Then, after reviewing the 1979 amendments to the Workers' Compensation Act and the available legislative history, the Livingstone Court stated:
[W]e are persuaded that the Legislature impliedly approved of the principle established by those cases, namely, that lots owned, maintained, or used by employers for employee parking are part of the employer's premises, and had no intent to affect the validity of such decisions.... The omission of any provision purporting to overrule or limit the reach of the parking-lot cases, in light of the comprehensive nature of the amendment, indicates that the Legislature considered these cases to be consistent with the economic tradeoffs struck by the Act, and therefore in need of no correction.

[111 N.J. at 102-03, 543 A.2d 45 (emphasis added).]
The Court specifically determined that Livingstone's workday "commenced when she arrived in her car at the section of the mall lot adjacent to appellant's premises, and therefore was in the course of employment when the accident occurred." Id. at 104, 543 A.2d 45. The fact that the respondent, Abraham & Straus, in that case neither owned, maintained, or had exclusive use of that area of the lot was irrelevant to the finding of compensability. Id. The word "control" as used in N.J.S.A. 34:15-36 is not to be interpreted in the "formal property law sense," id. at 105, 543 A.2d 45, but rather in the "`commonsense' notion that the term implies simply `use by the employer in the conduct of his business.'" Id. at 103, 543 A.2d 45 *92 (quoting Cressey v. Campus Chefs, Div. of CVI Servs., Inc., 204 N.J. Super. 337, 343, 498 A.2d 1274 (App.Div. 1985)).
Applying those principles to the facts of this case, we have no hesitancy in concluding that petitioner's accident is compensable. Although the staircase and the adjacent sidewalk leading from the employee door was not a part of the store premises in a property sense, the respondent exercised control over the area in that it "used" both of them in the conduct of its business, by requiring employees to enter and exit the store by traversing that area.
Reversed and remanded for further proceedings consistent with this opinion.