SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**Cheryl Hersh v. County of Morris (A-59-12) (071433)**

**Argued November 19, 2013 -- Decided April 1, 2014**

**FERNANDEZ-VINA, J., writing for a unanimous Court.**

In this appeal, the Court considers whether a plaintiff injured while crossing a public street as she walked from a private garage, where she had employer-paid parking, to her office a few blocks away is entitled to workers' compensation benefits under the Workers' Compensation Act, N.J.S.A. 34:15-1 to -142.

Plaintiff, Cheryl Hersh, was employed by defendant, County of Morris ("County"). Although Hersh did not have sufficient seniority to park in a county-owned lot located adjacent to her building, the County also rented approximately sixty-five parking spaces for its employees in the Cattano Garage, a private parking garage containing several hundred parking spaces located approximately two blocks from Hersh's office. The County granted Hersh permission to park in one of the rented spots, gave her a scan card so she could enter the garage, and instructed her to park on the third level. She was not assigned a particular parking space. On January 29, 2010, Hersh parked her car on the third level of the Cattano Garage, exited the garage, and was struck by a motor vehicle while crossing a public street between the Cattano Garage and her office. Hersh suffered significant injuries.

Hersh filed for workers' compensation benefits pursuant the Workers' Compensation Act. The judge of compensation concluded that Hersh's injuries were compensable under the Act. Relying on Livingstone v. Abraham & Strauss, Inc., 111 N.J. 89 (1989), the judge found that parking lots provided or designated for employee use are part of the employer's premises for purposes of workers' compensation. Therefore, the judge found that Hersh's accident occurred during the course of her employment because it happened after she had arrived at her employer-controlled lot. The Appellate Division affirmed. The panel agreed that the case was controlled by the principles of Livingstone and held that, although the garage and the sidewalk en route to Hersh's building were not part of the workplace in the property sense, the County exercised control over those areas by designating the third floor of the garage for use by employees. The panel determined that the County's control extended the workplace premises to the garage and public streets. The Court granted defendant's petition for certification. 213 N.J. 536 (2013).

**HELD**: Because the County did not control the garage where Hersh parked, the route of ingress and egress from the parking garage to her office, or the public street where she was injured, and did not expose her to any special or additional hazards, Hersh's injury occurred outside of the employer's premises and therefore is not compensable under the Workers' Compensation Act.

1. Injuries "arising out of and in the course of employment" are compensable under the Workers' Compensation Act. N.J.S.A. 34:15-7. Prior to 1979, workers' compensation jurisprudence included the "going and coming rule," which prevented awarding workers' compensation benefits for accidental injuries that occurred during routine travel to or from the employee's place of work. Due to many exceptions to the going and coming rule, allowing for countless awards of workers' compensation benefits, in 1979, the Legislature amended the Act to make the definition of "employment" more restrictive. Those amendments, which define when employment begins and ends, replaced the "going and coming rule" with the "premises rule." N.J.S.A. 34:15-36 provides: "Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer." N.J.S.A. 34:15-36. The phrase "excluding areas not under the control of the employer" was intended to make clear that the premises rule can entail "more than the four walls of an office or plant." Kristiansen v. Morgan, 153 N.J. 298, 316 (1997). "The pivotal questions under the premises rule are (1) where was the situs of the accident, and (2) did the employer have control of the property on which the accident occurred." Id. at 316-17 (citing Livingstone, 111 N.J. at 96). (pp. 8-11)

1

2. In Livingstone, the employer, a mall tenant, directed its employees to park in the far end of the mall-owned parking lot to ensure that its customers would be able to use the closer spaces. 111 N.J. at 91. An employee was injured while walking toward the building after she parked her car in the lot. Id. at 90-91. The Court determined that the employee's injuries arose out of and in the course of employment, and therefore were compensable under the Act, because the employer's directive telling employees where they must park exposed its employees to an added hazard in order for the employer to gain a business benefit. Id. at 104-06. The Court clarified its Livingstone holding in Novis v. Rosenbluth Travel, 138 N.J. 92 (1994). In Novis, while walking from her car to her place of employment, an employee slipped on the sidewalk connecting a parking lot to the sole entrance of the office building in which her employer was a tenant. Id. at 94. The Court found the employee's injuries non-compensable, stating that the employer "simply shared the lot with the other tenants, a circumstance vastly different from the specific facts that influenced [the] holding in Livingstone." Id. at 96. The Court held that because the facts were insufficient to establish any exercise of control by the employer over the lot or the ingress and egress route, the employee had not yet commenced her employment at the time of the accident. Ibid. The Court has also focused on ingress and egress routes to the place of employment in other workers' compensation cases. In Ramos v. M & F Fashions, Inc., 154 N.J. 583, 593-94 (1998), the Court concluded that an employer was responsible for an employee's injuries which occurred when he fell down an elevator shaft regularly used by the employees to access the employer's fourth-floor business. Similarly, in Brower v. ICT Group, 164 N.J. 367, 373-74 (2000), the Court found that a stairwell in the rear of the building accessing the employer's second-floor place of employment was part of the employer's premises. (pp. 12-16)

3. The Appellate Division has also grappled with the degree of control or direction an employer exercised to decide whether benefits are available. In Cannuscio v. Claridge Hotel, 319 N.J. Super. 342, 353-54 (App. Div. 1999), a woman assaulted on a public sidewalk after picking up her paycheck was not entitled to compensation because the event occurred on a public sidewalk, "not in the area of or leading to a designated employee parking lot," and the sidewalk was an area where the employer had no control. In Serrano v. Apple Container, 236 N.J. Super. 216, 220-21 (App. Div. 1989), an employee who had left his employer's parking lot and was taking a shortcut through an adjacent parking lot to gain access to a public roadway when injured, was neither acting in the course of his employment nor injured on the premises of his employer. By contrast, in Ehrlich v. Strawbridge & Clothier, 260 N.J. Super. 89, 92 (App. Div. 1992), although the staircase and adjacent sidewalk where the employee was injured were not part of the employer's premises in a property sense, the injuries were compensable because the employer controlled the areas by instructing the employees which route to use to enter and exit the employer's establishment. In Bradley v. State, 344 N.J. Super. 568, 583 (App. Div. 2001), injuries sustained by employees after arriving at a parking lot were compensable even though the lot was not owned by the employer because the employer required its employees to follow a specific ingress and egress route from the parking lot to the building. These cases support the principle that public places that are not under the control of the employer are not considered part of the employer's premises for purposes of workers' compensation benefits, even if employees use the route for ingress or egress to the place of employment, except in those instances where the employer controls the route. (pp. 16-18)

4. Applying the principles of these cases to the appeal here, the County did not own, maintain, or control the Cattano Garage. It only rented a small portion of the lot and did not derive a direct business interest from paying for employees to park there. The County also did not control the public street where the accident occurred and did not dictate which path Hersh had to take to arrive at her place of employment. In walking a few blocks from the Cattano Garage to her workplace, Hersh did not assume any special or additional hazards. Unlike the limited routes to the places of employment in Brower, Ramos, or Ehrlich, Hersh's route to work was used by the public, similar to the route to the building in Novis. Even though the "premises rule" is not limited to the four walls of an office or plant, the concept of "employer control" to determine the compensability of an employee's injury is limited, and depends on the situs of the accident and the degree of employer's control of the property. In the circumstances of this case, an employee who is injured on a public street, not controlled by the employer, is not entitled to compensation under the Workers' Compensation Act. (pp. 18-20)

The judgment of the Appellate Division is **REVERSED**.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGE RODRÍGUEZ (temporarily assigned) join in JUSTICE FERNANDEZ-VINA's opinion. JUDGE CUFF (temporarily assigned) did not participate.**

CHERYL HERSH,

    Petitioner-Respondent,

       v.

COUNTY OF MORRIS,

    Respondent-Appellant.

        Argued November 19, 2013 – Decided April 1, 2014

        On certification to the Superior Court, Appellate Division.

        John R. Tort, Jr., Special Counsel, argued the cause for appellant (Leitner, Tort, DeFazio, Leitner & Brause and Daniel W. O'Mullan, Morris County Counsel, attorneys; Mr. Tort, Christopher B. Leitner and Nicholas C. Caruso, on the briefs).

        Lewis Stein argued the cause for respondent (Nusbaum, Stein, Goldstein, Bronstein & Kron, attorneys).

    JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.

    In this appeal, defendant, County of Morris, challenges an award of workers' compensation benefits to plaintiff, Cheryl Hersh, pursuant to N.J.S.A. 34:15-1 to -142 ("the Workers' Compensation Act," or "the Act"). The award was based on a finding that Hersh's injuries arose out of the course of her employment pursuant to N.J.S.A. 34:15-7 and 34:15-36.

N.J.S.A. 34:15-7 authorizes an award of workers' compensation benefits to an employee injured in an accident "arising out of and in the course of employment[.]" N.J.S.A. 34:15-7. Employment is deemed to commence "when an employee arrives at the employer's place of employment to report for work[.]" N.J.S.A. 34:15-36.

Hersh was injured as she walked from the garage, in which she had employer-paid parking, to her office a few blocks away. She crossed a public street and was hit by a car, suffering significant injuries. Hersh asserted that the injuries occurred in the course of her employment and, therefore, were compensable under the Workers' Compensation Act.

A judge of compensation found that Hersh's accident occurred during the course of her employment because it happened after she had arrived at her employer-controlled parking lot. The Appellate Division affirmed the compensation judge's order.

We conclude that when Hersh was injured she had not yet arrived at work for purposes of N.J.S.A. 34:15-36. The garage where she parked was "not under the control of the employer" so as to trigger coverage. See N.J.S.A. 34:15-36. Hersh was injured on a public street, which was not under the control of the employer so as to trigger coverage, and the County had no oversight or authority over the route, or over the manner of ingress or egress, to the building where she worked. In

2

addition, the County did not require employees to enter and exit the building by using specific areas, and no additional hazards were created for the employee in traversing the public streets. We therefore find that Hersh was not entitled to coverage under the Act and reverse the judgment of the Appellate Division.

I.

Hersh has been employed by the County of Morris ("County") since September 2002 as a Senior Clerk in the Board of Elections. During her first two years of employment from 2002 to 2004, plaintiff paid to park at a private lot on Schuyler Place in Morristown, which is located behind her workplace at the County Records Administration Building. Subsequently, the County assigned her free parking at a private garage on Cattano Avenue ("Cattano Garage") located approximately two blocks from the Administration Building.

The Cattano Garage contains several hundred parking spaces of which the County only rented approximately sixty-five for its employees. A county-owned lot was adjacent to plaintiff's building, but those parking spaces were assigned on the basis of seniority. Hersh did not have sufficient seniority to park there. Instead, the County granted Hersh permission to park in one of the county-rented spots in the Cattano Garage, gave her a scan card so she could enter the garage and instructed her to

3

park on the third level.  She was not assigned a particular parking space.

On January 29, 2010, ten minutes before she was due to report to work, plaintiff parked her car on the third level of the Cattano Garage, exited onto Cattano Avenue, and proceeded to walk approximately one half-block to Washington Street.  As she crossed Washington Street in the cross-walk, she was struck by a motor vehicle that ran a red light.  Plaintiff suffered significant injuries that required medical treatment.

## II.

On May 18, 2010, Hersh filed a petition for workers' compensation benefits pursuant to the Act, for the injuries she suffered when she was "struck by a car while at work."  Hersh asserted that the garage was used in connection with the County's business due to its utilization for employee parking, and thus, was part of the employer's premises for the purpose of workers' compensation.

In its answer, the County asserted that the accident was not covered under the Act because the Cattano Garage was not adjacent to the workplace and the County neither owned nor operated the facility.  Further, the County submitted that even if the garage was a part of the employer's premises, once plaintiff exited onto the street where the employer exercised no

4

control, she was outside the sphere of employment, and therefore the accident was not compensable.

In an order and written opinion dated November 1, 2010, the judge of compensation concluded that Hersh's injuries "arose from the course of her employment and were therefore compensable." Relying on Livingstone v. Abraham & Strauss, Inc., 111 N.J. 89 (1989), after hearing testimony from Cheryl Hersh and Mark B. Smith, Director of Personnel, the compensation judge reasoned that the designation of a parking area for the employees caused employees to be exposed to an added hazard traversing the parking lot over the distance from the designated area to the work sites. He found that parking lots provided or designated for employee use are part of the employer's "premises for purposes of workers' compensation."

The compensation judge further found that when the County elected to pay for parking rather than reimburse employees for their parking expenditures, it thereby accepted responsibility for the consequences and risks of that decision. Thus, the compensation judge ruled the County placed Hersh in the course of her employment at the direction of her employer from the time she entered the Cattano Garage until she exited the garage at the end of the workday.

By contrast, the compensation judge hypothesized that had the County decided to reimburse its employees for parking,

5

instead of designating the parking lot, leaving to the employee the decision of where to park (with all of the consequences and risks of that decision), the County would not have extended its "premises."

Finally, the compensation judge rejected the County's arguments that the employee was no longer in the course of her employment when she exited the garage and reentered the public sphere onto the public street. He explained that the County's liability is not dependent upon its control of the locus of the injury; rather, liability is dependent upon the control of the employee's activities. He reasoned that it would be unreasonable to find that injuries sustained in the parking lot and in the building are compensable, but injuries sustained in between the two are not compensable.

Defendant appealed on July 24, 2012, and in an unpublished per curiam opinion, the Appellate Division affirmed the workers' compensation order. The appellate panel concluded that the case was controlled by the principles of Livingstone, supra.

The panel also found instructive the Appellate Division decision in Bradley v. State, 344 N.J. Super. 568 (App. Div. 2001), which held that injuries sustained by state employees while traveling to work from a county-owned lot were compensable. Accordingly, the panel concluded that, although the garage and the sidewalk en route to Hersh's building were

not part of the workplace in the property sense, the County exercised control over those areas by designating the third floor of the garage for use by employees who did not have enough seniority for a parking space in the adjacent county-owned lot. The appellate panel determined that the employer's control extended the workplace premises to the garage and public streets. Accordingly, the panel affirmed the compensation judge's decision.

We granted defendant's petition for certification. 213 N.J. 536 (2013).

### III.

The County argues that providing paid parking in a public garage does not extend the employer's control of the area or areas between the garage and work site. It asserts that this Court in Livingstone, supra, found the injury in that case compensable because the purpose of instructing employees to park in a particular area of the mall parking lot was entirely for the employer's benefit, mainly to keep open for customers the spaces closer to the store. In the present case, defendant argues that in contrast to Livingstone, supra, there was no discernible employer benefit in instructing employees to park in the Cattano Garage.

The County also contends that this case is similar to Cannuscio v. Claridge Hotel, 319 N.J. Super. 342 (App. Div.

7

1999), where the Appellate Division held that an employee's injuries sustained from an attack on a public sidewalk after picking up a paycheck from an administrative building were not compensable. Moreover, the County asserts that the public highway on which the accident occurred cannot be under the "control" of the County because a common sense interpretation of the statutory requirement of "control" cannot include a public street corner.

Hersh contends that the County disregards the essence of Livingstone, supra. She claims that the County focuses on parking as a perk and ignores the fact that employers give perks for the employer's benefit largely to improve worker retention. She further argues that the County exercised control of the Cattano Garage because it instructed the employees to park in a specific location. Therefore, she maintains that she parked in the garage in connection with the County's business, and that the garage was part of the employer's premises for purposes of workers' compensation.

IV.

Appellate review of workers' compensation cases is "limited to whether the findings made could have been reached on sufficient credible evidence present in the record . . . with due regard also to the agency's expertise[.]" Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004) (citation

8

omitted).  Nonetheless, the judge of compensation's legal findings are not entitled to any deference and, thus, are reviewed de novo.  Williams v. A & L Packing & Storage, 314 N.J. Super. 460, 464 (App. Div. 1998).

"The [Workers'] Compensation Act 'is humane social legislation designed to place the cost of work-connected injury on the employer who may readily provide for it as an operating expense.'"  Livingstone, supra, 111 N.J. at 94-95 (quoting Horniack v. Great Atl. & Pac. Tea Co., 63 N.J. 99, 101 (1973)).  Thus, the Act is "construed and applied in light of this broad remedial objective."  Id. at 95.

The Act provides that

> [w]hen employer and employee shall by agreement . . . accept the provisions of this article[,] compensation for personal injuries to . . . such employee by accident arising out of and in the course of employment shall be made by the employer[.]
>
> [N.J.S.A. 34:15-7.]

Prior to 1979, the workers' compensation law had "broad statutory language defining compensable accidents as those arising out of and in the course of the employment."  Watson v. Nassau Inn, 74 N.J. 155, 158 (1977) (internal quotation marks omitted).  The workers' compensation jurisprudence at the time included the "going and coming rule," a doctrine that prevented awarding workers' compensation benefits for accidental injuries

9

that occurred during routine travel to or from the employee's place of work.  Ibid.  The purpose of the rule was to separate work risks from ordinary risks unrelated to employment.  Id. at 159.  The rule was premised on the assumption that the normal journey to and from work is of no particular benefit to the employer and exposes the worker to no unusual risks.  Ibid.  However, there were many exceptions to the rule, allowing for countless awards of workers' compensation benefits, to the point that this Court concluded:

> the general rule now has a rather limited applicability, extending only to those routine daily trips to or from an employee's fixed place of business at specified hours at the beginning or end of the day. . . . [It is] limited to travel which has no special circumstances suggesting particular benefits to the employer.
>
> [Briggs v. Am. Biltrite, 74 N.J. 185, 190 (1977).]

As a result, in 1979, the Legislature amended the Workers' Compensation Act, updating the definition of "employment" to be more restrictive.  See N.J.S.A. 34:15-36.  More specifically, a section was added "to establish[] relief from the far-reaching effect of the 'going and coming rule' decisions by defining and limiting the scope of employment."  Joint Statement of the Senate and Assembly Labor, Indust. & Professions Comm. to S. 802 and A. 840 at 2 (November 13, 1979).  Those amendments defined, for the first time, when employment begins and ends:

10

> Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer.
>
> [N.J.S.A. 34:15-36.]

With the 1979 amendments, the "going and coming rule" was replaced with the premises rule. Kristiansen v. Morgan, 153 N.J. 298, 316 (1997). "The premises rule is based on the notion that an injury to an employee . . . arises out of and in the course of employment if the injury takes place on the employer's premises." Ibid. (citation omitted).[1]

As to what constitutes "the employer's place of employment" or "premises,"

> [t]he Legislature used the phrase "excluding areas not under the control of the employer" . . . because it intended to include areas controlled by the employer within the definition. That phrase was intended to make clear that the premises rule can entail more than the four walls of an office or plant.
>
> [Ibid.]

Thus, "[t]he pivotal questions under the premises rule are (1) where was the situs of the accident, and (2) did the employer have control of the property on which the accident occurred." Id. at 316-17 (citing Livingstone, supra, 111 N.J. at 96).

---

[1] This statute also provides two exceptions to the premises rule which are not applicable to this case, for special missions and authorized operation of a business vehicle.

11

Under that analysis, this Court has determined that "when compensability of an accident depends on control of the employer, that test is satisfied if the employer has the right of control; it is not necessary to establish that the employer actually exercised that right." Brower v. ICT Group, 164 N.J. 367, 372-73 (2000). If the employer exercises control over non-employer-owned locations, employee injuries occurring there may be compensable under the Act.

Applying the premises rule in Kristiansen, supra, the Court held that control exists when the employer owns, maintains or has exclusive use of the property. 153 N.J. at 317 (citing Livingstone, supra, 111 N.J. at 104). The Court found that control was obvious where the accident occurred because the state owned, operated and maintained the bridge, and the employee work shift on the bridge had just finished. Ibid.

In Livingstone, supra, a case which preceded Kristiansen, the Court first addressed the newly created premises rule in a parking lot context. 111 N.J. at 102-04. Abraham & Straus was a tenant of the mall and did not own the parking lot. Ibid. There, the employer, Abraham & Straus issued a directive instructing its employees to park in the far end of the mall parking lot to ensure that their customers would be able to use the closer spaces. Id. at 91. An employee of Abraham & Straus was struck by another vehicle in the mall-owned parking lot

12

while walking toward the building after she parked her car in the lot.  Id. at 90-91.  The Court determined that pursuant to N.J.S.A. 34:15-7 and -36 the employee's injuries arose out of and in the course of employment.  Id. at 104.  It further emphasized that control should be dictated by the "common-sense notion that the term implies simply use by the employer in the conduct of his business."  Livingstone, supra, 111 N.J. at 103 (citations and internal quotation marks omitted).  The Court reasoned that

> by requiring its employees to park in a distant section of the lot, in order that customers could enjoy the convenience of parking adjacent to Abraham & Straus, appellant caused its employees to be exposed to an added hazard, on a daily basis, in order to enhance its business interests.  In our view, it is entirely consistent with the fundamental purposes of workers' compensation legislation that appellant assume responsibility for injuries thus sustained.
>
> [Id. at 105-06.]

Of chief concern in Livingstone, supra, was the employer-derived benefit that was created by dictating that employees park at the far end of the lot.  Ibid.  The employer's business benefit, along with the added hazard employees were forced to endure by the employer while they walked through the parking lot, made the injury compensable.  Ibid.

13

The Court clarified its holding in Livingstone in a later case that involved an employee's injuries sustained while she walked from her car to her place of employment. Novis v. Rosenbluth Travel, 138 N.J. 92 (1994). The Court held that the injuries were not compensable. Id. at 96. Novis was employed by Rosenbluth Travel as a reservationist. Id. at 93. At her employer's request, she traveled to a branch office to work there temporarily. Ibid. On her third day working at the location, Novis drove from her hotel to the branch office and parked in a lot adjacent to the office building, which accommodated the building's tenants. Id. at 94. Novis left her car and proceeded to walk on the sidewalk which led from the parking lot to the sole entrance of the building. Ibid. Thereafter, Novis slipped on the sidewalk and sustained injuries. Ibid.

The Court held that Novis's injuries were non-compensable because they did not arise out of and in the course of her employment. Id. at 93. It noted that in contrast to the facts in Livingstone, Novis's employer exercised no control over any portion of the parking lot adjacent to the office building in which its branch office was located. Id. at 96. The Court concluded that the Appellate Division overstated the effect of the holding in Livingstone when it held that N.J.S.A. 34:15-36 was satisfied by evidence that the parking lot was "used" by the

14

employer in the conduct of its business.  This Court held that the employer "simply shared the lot with the other tenants, a circumstance vastly different from the specific facts that influenced [the] holding in Livingstone."  Ibid.

The Court further held that the facts were insufficient to establish any exercise of control by the employer over the lot or the ingress and egress route.  Ibid.  Thus, the plaintiff's accident did not occur within the premises rule; at the time of the accident, she had not yet commenced her employment.  Ibid.

In its analysis in workers' compensation cases, this Court has also focused on ingress and egress routes to the place of employment in other cases.  For example, in Ramos v. M & F Fashions, Inc., 154 N.J. 583 (1998), the Court concluded that an employer was responsible for an employee's injuries which occurred when he fell down an elevator shaft that was regularly used by the employees in the course of business.  There, employees had only two options to arrive at the employer's fourth-floor business:  use the elevator or climb a stairwell.  Id. at 587.  The Court held that injuries were compensable because the employer controlled the area.  Id. at 593-94.

Similarly, in Brower, supra, relying on the reasoning in Ramos, supra, the Court found that a stairwell used by employees to access and depart from the second-floor place of employment was part of the employer's premises for purposes of workers'

15

compensation benefits.  164 N.J. at 373-74.  The Court considered that the stairwell's location in the rear of the building, with access directly to the employer's space, could not be considered a common area, and thus, injuries sustained in the stairwell were compensable.  Ibid.

In a series of similar cases, our Appellate Division has also grappled with the degree of control or direction an employer exercised to decide whether benefits are available.

The Appellate Division, in Cannuscio, supra, held that a woman assaulted on a public sidewalk after picking up her paycheck was not entitled to compensation from her employer under the Act.  319 N.J. Super. at 354.  The focal point of the analysis was that the event occurred on a public sidewalk, "not in the area of or leading to a designated employee parking lot," and the sidewalk was an area where the employer had no control. Id. at 353.

In two other cases involving employees injured outside the parking lot and walking to or from the place of business, the Appellate Division's focus was once again on whether the employer required the employees to enter or exit the employer's building by traversing the area where the accident occurred.  In Serrano v. Apple Container, 236 N.J. Super. 216, 220-21 (App. Div. 1989), certif. denied, 121 N.J. 591 (1990), the Appellate Division concluded that an employee who had left his employer's

16

parking lot and was taking a shortcut through an adjacent parking lot to gain access to a public roadway when injured, was neither acting in the course of his employment nor injured on the premises of his employer.

By contrast, an employee who was injured when she fell on the sidewalk after exiting a metal staircase designated by her employer for ingress and egress was entitled to workers' compensation benefits. Ehrlich v. Strawbridge & Clothier, 260 N.J. Super. 89, 92 (App. Div. 1992), certif. denied, 133 N.J. 435 (1993). The staircase led to an exterior sidewalk that the employee had to travel on in order to reach the parking lot where her car was located. Id. at 90. The panel reasoned that "[a]lthough the staircase and adjacent sidewalk leading from the employee door was not a part of the store premises in a property sense," the employer controlled the areas because it instructed the employees which route to use to enter and exit the employer's establishment. Id. at 92.

Likewise, the Appellate Division has focused on the employer's control of a parking lot and the employees' routes for ingress and egress to the building when determining compensation. Bradley, supra, 344 N.J. Super. at 579-80. There, the appellate panel consolidated two separate cases, both involving injuries to State employees who were injured after they arrived in the same parking lot. Id. at 572. One employee

17

was injured while crossing the street that led from her work place to her designated entrance to the garage, and one employee was injured when he tripped over a steel beam in the garage on his way to work. Id. at 572. The Appellate Division did not address the specific situs of the two incidents. It emphasized that the employer's control over the parking lot required each employee to follow a specific ingress and egress route from the parking lot to the building, even though it was not owned by the employer, which made the injuries compensable. Id. at 583.

These cases support the principle that public places that are not under the control of the employer are not considered part of the employer's premises for purposes of workers' compensation benefits, even if employees use the route for ingress or egress to the place of employment, except in those instances where the employer controls the route.

V.

When the Legislature amended the Workers' Compensation Act and added the phrase "excluding areas not under the control of the employer," N.J.S.A. 34:15-36, it intended to clarify that employers are liable for more than "just the four walls of an office or plant." Kristiansen, supra, 153 N.J. at 316. But the plain language of the Act reveals that it is not intended to expand the employer's liability to publicly owned areas not under direct control of the employer.

18

We apply the principles of these cases to the appeal here. The Cattano Garage was not part of the premises of the County, and the County did not control the garage. The lot was not owned or maintained by the County. The County only rented a small portion of the spots in the lot. The County derived no direct business interest from paying for employees to park in the Cattano Garage. Most importantly, the accident occurred on a public street not under the control of the County. In walking a few blocks from the Cattano Garage to her workplace, Hersh did not assume any special or additional hazards. Nor did the County control Hersh's ingress or egress route to work. The County provided Hersh with the benefit of off-site but paid-for parking, but did not dictate which path Hersh had to take to arrive at her place of employment. Unlike the limited routes to the places of employment in Brower, Ramos, or Ehrlich, here, Hersh's route to work was used by the public, similar to the route to the building in Novis.

Thus, we hold that in the circumstances of the case, an employee who is injured on a public street, not controlled by the employer, is not entitled to compensation under N.J.S.A. 34:15-36. The statute provides exemption for injuries occurring in "areas not under the control of the employer."

Even though the "premises rule" is not limited to the four walls of an office or plant, the concept of "employer control"

19

to determine the compensability of an employee's injury is limited, and depends on the situs of the accident and the degree of employer's control of the property.  The Act, thus, does not invite expansive interpretations that would resurrect the "going and coming" rule.

VI.

Therefore, for these reasons, we hold that Hersh's injuries are not compensable and we reverse the judgment of the Appellate Division.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGE RODRÍGUEZ (temporarily assigned) join in JUSTICE FERNANDEZ-VINA's opinion.  JUDGE CUFF (temporarily assigned) did not participate.

20

SUPREME COURT OF NEW JERSEY

NO. ___A-59___                                    SEPTEMBER TERM 2012

ON CERTIFICATION TO ___Appellate Division, Superior Court___

CHERYL HERSH,

       Petitioner-Respondent,

          v.

COUNTY OF MORRIS,

       Respondent-Appellant.

DECIDED _____April 1, 2014_____

         ___Chief Justice Rabner___ PRESIDING

OPINION BY ___Justice Fernandez-Vina___

CONCURRING/DISSENTING OPINIONS BY _____

DISSENTING OPINION BY _____

| CHECKLIST | REVERSE | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | ------------------------ | --------------------- |
| TOTALS | 6 | |

1