**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0702-20

BRUNO L. MORAES,

     Petitioner-Respondent,

v.

SUPREME AUTO
TRANSPORT,

     Respondent-Appellant.

_____

Submitted May 18, 2021 – Decided June 4, 2021

Before Judges Moynihan and Gummer.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2018-21550.

Naulty, Scaricamazza & McDevitt, LLC, attorneys for appellant (Jerry Yang, on the briefs).

Garces Grabler & LeBrocq, attorneys for respondent (David N. Fiveland, on the brief).

PER CURIAM

Defendant Supreme Auto Transport (Supreme) appeals a judge of compensation's decision denying its motion to dismiss the claim petitioner filed against it, denying its motion to implead BMH Auto Transport LLC (BMH) as petitioner's actual employer, and finding petitioner was employed by Supreme at the time of the accident. Because the judge failed to consider Colorado law in accordance with a choice-of-law provision in the contract between Supreme and BMH, we reverse and remand.

Supreme, which is located in Colorado, describes itself as an "interstate brokerage corporation that facilitates the moving of cars between auto manufacture[r]s." Supreme enters into contracts with auto manufacturers and motor-carrier transportation companies to move the auto manufacturer's vehicles.

Petitioner registered BMH as a business organization with the State of New Jersey on May 13, 2015. Petitioner is the sole owner, operator, member, and employee of BMH, which is located in New Jersey.

On January 21, 2018, Supreme and BMH entered into an "authorized carrier lease," in which Supreme leased "certain motor vehicle equipment" from BMH for one year. Supreme represented it "desire[d] to perform authorized transportation in certain equipment it does not own." BMH represented it

"desire[d] to provide a driver and to operate the equipment as a[n] independent contractor."  The lease contained the following provision:

> 3.  <u>Independent Contractor Status</u>.  The parties to this Agreement expressly intend to create an independent contractor relations [sic] between [Supreme] and [BMH].  [BMH] shall be the sole party responsible for determining the manner in which it meets its obligations under this Agreement.  This includes, but is not limited to, . . . workmen's compensation of its employees; . . . . In no event do the parties to this Agreement intend to create a master-servant, employer-employee, or principal-agent relationship.  The independent contractor relationship shall be for all purposes, including Workmen's Compensation as allowed by the applicable state workman's compensation laws.  Furthermore, [BMH] agrees to provide a Workmen's Compensation Insurance Policy for itself and its employees and to pay the premiums for the policy as prescribed by state law, and maintain the policy at all times while engaged in the performance of any duties arising from this Agreement.  Furthermore, [BMH] agrees to provide any necessary information and agreements to any state Workmen's Compensation Insurance Authority, as reasonably requested by [Supreme].  Finally, should [BMH] receive any notification of cancellation of any such policy, [BMH] agrees to provide [Supreme] with a copy of such notification within twenty-four (24) hours after receipt.

The lease also provided Colorado law "shall govern this Contract."  Supreme's representative signed the lease in Colorado.  Petitioner signed the lease in New Jersey as BMH's representative.

3

On August 7, 2018, petitioner filed a claim with the State of New Jersey Division of Workers' Compensation, alleging he was injured in a May 25, 2018 motor vehicle accident while employed by Supreme. On the day of the accident, petitioner drove from Rhode Island to Pennsylvania, where the accident occurred. In its answer, Supreme denied it had employed petitioner on the day of the accident.

Supreme moved to dismiss petitioner's claim against it, asserting petitioner's actual employer was BMH, not Supreme. Supreme also moved to implead BMH as petitioner's "correct employer." The parties dispute whether Supreme employed petitioner or BMH, acting as Supreme's independent contractor, employed petitioner. In its argument to the judge of compensation, Supreme contended Colorado law applies pursuant to the contractual choice-of-law provision and Colorado law presumes an independent-contractor relationship based on the language of the lease.

After hearing the testimony of petitioner and Supreme's chief operating officer, the judge rendered an order and oral opinion, denying Supreme's motions and finding Supreme was petitioner's employer at the time of the accident. The judge made no reference to the lease provision requiring Colorado

A-0702-20

law to govern, did not consider Colorado law, and made his decision based solely on New Jersey law.

On appeal, Supreme argues, among other things, the judge erred in applying New Jersey law instead of Colorado law. In response, petitioner incorrectly asserts Supreme raises the contractual choice-of-law provision for the first time on appeal and argues we should not consider it.[1]

Our review in workers' compensation cases is limited to "whether the findings made could have been reached on sufficient credible evidence present in the record . . . with due regard also to the agency's expertise." Close v. Kordulak Bros., 44 N.J. 589, 599 (1965); see also Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004). We do not defer to a judge of compensation's legal conclusions. Hager v. M&K Constr., ___ N.J. ___, ___ (2021) (slip op. at 12); see also Hersh v. Cty. of Morris, 217 N.J. 236, 243 (2014).

"Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." Instructional Sys., Inc. v.

---

[1] Supreme clearly raised the contractual choice-of-law provision in its brief to the judge of compensation.

Comput. Curriculum Corp., 130 N.J. 324, 341 (1992).  To override the parties' contractual choice of law, a judge must find:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.
>
> Kramer v. Ciba-Geigy Corp., 371 N.J. Super. 580, 598 (App. Div. 2004) (quoting Restatement (Second) of Conflicts of Laws § 187 (Am. Law Inst. 1971)).

The substantial-relationship prong of the Restatement clearly did not prevent the judge of compensation from applying Colorado law because Supreme is located in Colorado.  See N. Bergen Rex Transp. v. Trailer Leasing Co., 158 N.J. 561, 569 (1999) (finding substantial-relationship standard met by company being headquartered in contractually-chosen state).  To apply New Jersey law, the judge would have had to determine:  (1) application of Colorado law would be contrary to a fundamental policy of New Jersey; (2) New Jersey has a materially greater interest in this matter than Colorado; and (3) under general choice of law considerations, New Jersey law would apply.  See Kramer, 371 N.J. Super. at 598-99; Newcomb v. Daniels, Saltz, Mongeluzzi, & Barrett,

A-0702-20

Ltd., 847 F. Supp. 1244, 1248 (D.N.J. 1994). Unfortunately, the judge of compensation erred by making no such determination and applying by rote New Jersey law despite the contractual provision requiring the application of Colorado law. Accordingly, we reverse and remand with the instruction that the judge of compensation make that determination before deciding anything else about the case.

We decline Supreme's invitation to make the factual findings or legal determinations necessary to conclude Colorado law applies under paragraph (2)(b) of section 187 of the Restatement. Factual disputes, which should be addressed by the judge of compensation, may exist. For example, although Supreme repeatedly asserts it was incorporated in Colorado, the "Authorized Carrier Lease Statement" indicates Supreme is "an Oklahoma corporation." We also believe in fairness the parties should be given an opportunity to address fully the factual and legal considerations at issue in paragraph (2)(b) of section 187 of the Restatement.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0702-20