**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1833-19

CATALINA MELENDEZ,

    Petitioner-Appellant,

v.

BURGER KING,

    Respondent-Respondent.

_____

Submitted February 9, 2021 – Decided June 23, 2021

Before Judges Gilson and Gummer.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Worker's Compensation, Claim Petition No. 2017-15034.

Catalina Melendez, appellant pro se.

Law Office of Linda S. Baumann, attorneys for respondent (Gordon E. Hecht, of counsel and on the brief).

PER CURIAM

Petitioner Catalina Melendez appeals a judge of compensation's decision dismissing her worker's compensation claim petition with prejudice and denying her motion for medical and temporary-disability benefits. Because the decision was supported by sufficient credible evidence in the record, we affirm.

Petitioner was employed by respondent Burger King as an hourly supervisor at one of its restaurants. On June 1, 2017, petitioner filed an employee claim petition with the Division of Worker's Compensation, alleging she had suffered a back injury while lifting heavy boxes at work on December 31, 2016. On her claim form, petitioner stated she "went on vacation the day after the injury," returned on January 8, 2017, and "reported the injury to my boss Ernest, but he said that now is too late for you to report the incident." Petitioner also moved for medical and temporary-disability benefits, asserting she had become "totally temporarily disabled" on December 31, 2016. Burger King stipulated it employed petitioner but denied she had had a work-related accident on December 31, 2016.

The parties agreed to try the issue of compensability first. During a three-day trial in which both parties were represented by counsel, three witnesses appeared: petitioner, who testified repeatedly the injury had occurred on December 31, 2016, and acknowledged she had not followed Burger King's

required reporting procedures for a work-site accident even though she was aware of them; another Burger King employee who testified she had seen petitioner on December 31, 2016, pick up a box that was "too heavy," causing her to "jerk[]"; and Ernest Fofanah, the general manager of the restaurant, who testified petitioner's work logs demonstrated she had not worked on December 31, 2016, and "never actually was in the store" on that day, denied petitioner had ever reported the incident to him directly or in accordance with the required procedures, denied he ever told any employee it was too late to file a claim, and testified petitioner had complained to him repeatedly about her back since he started working at the restaurant in August 2016 and that her back problems had "nothing to do with the business."

In a written order and opinion, the compensation judge denied petitioner's motion and dismissed her claim, finding she had failed to prove by a preponderance of credible evidence she had had a work-related accident on December 31, 2016, and, thus, failed to establish compensability. The judge found Fofanah's testimony to be "credible and reliable" and the testimony of petitioner and the other employee to be "not credible," noting petitioner had contradicted herself during cross-examination and in her affidavits and that the other employee's testimony was "vague and sparse" and inconsistent with her

3

affidavit and with petitioner's testimony. The judge concluded petitioner was not working and was not at work on December 31, 2016.

On appeal, petitioner argues we should reverse the compensation judge's decision because (1) she was "poorly and ineffectively" represented by counsel in that her counsel failed to "recommend" an interpreter until after the claim was denied, "to properly investigate and prepare witnesses," and to cross-examine effectively Fofanah; and (2) the judge erred by finding she had failed to prove compensability by the preponderance of credible evidence. Contrary to the multiple statements she made under oath in her affidavits and during her testimony at trial, petitioner asserts on appeal she was injured on December 24, 2016, not December 31, 2016.[1]

Our review in workers' compensation cases is limited to "whether the findings made could have been reached on sufficient credible evidence present in the record." Hersh v. Cty. of Morris, 217 N.J. 236, 243 (2014) (quoting Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004)). We give "substantial deference," Ramos v. M & F Fashions, Inc., 154 N.J. 583, 594 (1998), to the

---

[1] According to Fofanah, petitioner in 2016 last clocked into work on December 24 – the day petitioner now says she was injured – then took eighty hours of paid vacation and returned to work on January 2, 2017. He supported that testimony with copies of "clock in and clock out log[s]."

A-1833-19

factual findings of a judge of compensation "in recognition of the compensation judge's expertise and opportunity to hear witnesses and assess their credibility." Goulding v. NJ Friendship House, Inc., 245 N.J. 157, 167 (2021). We do not defer to a judge of compensation's legal conclusions. Hersh, 217 N.J. at 243.

Petitioner concedes her testimony "seemed contradictory" but blames her counsel. In support of her ineffective-assistance-of-counsel argument, petitioner relies on Strickland v. Washington, 466 U.S. 668, 691 (1984). In Strickland, the Supreme Court considered "the proper standards for judging a criminal defendant's contention that the Constitution requires a conviction or death sentence to be set aside because counsel's assistance at the trial or sentencing was ineffective." Id. at 671. That is not this case. A litigant's ability to raise an ineffectiveness claim is based on whether the litigant has a constitutional right to counsel. A criminal defendant's right to raise an ineffectiveness claim is premised on the defendant's sixth-amendment right to an attorney in a criminal prosecution. Id. at 684-85; see also State v. Fritz, 105 N.J. 42, 58 (1987) (finding "a criminal defendant is entitled to the assistance of reasonably competent counsel" also under Article I, paragraph 10 of the New Jersey Constitution). The right of a defendant in a termination-of-parental-rights case to raise an ineffectiveness claim is similarly premised on the

A-1833-19

defendant's constitutional right to counsel in that type of case.  See N.J. Div. of Youth & Fam. Servs. v. B.R., 192 N.J. 301, 306-07 (2007).  An ineffectiveness claim is inapplicable in a workers' compensation case where a party does not have a constitutional right to counsel.

We note also petitioner never requested a translator during the trial and never indicated she did not understand the questions posed to her based on any language barrier.  And we see nothing "extremely prejudicial" about Fofanah's testimony, which simply contradicted petitioner's and the other employee's testimony and was corroborated by business records establishing petitioner was not at work on December 31, 2016, the day she repeatedly asserted under oath, until this appeal, was the day she was injured at work.

On this record, we see no error in the compensation judge's finding petitioner failed to prove compensability by the preponderance of credible evidence.  Petitioner filed a claim asserting a December 31, 2016 work-site accident.  She had not followed Burger King's required procedures to report her injury and did not have any documentary proof of when she was injured.  Her case depended on her and the other employee's credibility.  In detailed findings, the compensation judge explained why petitioner and the other employee were less credible than Fofanah, whose testimony as to when the injury occurred was

supported by clock-in and clock-out logs. That petitioner now wants to change her testimony as to when the injury occurred is not a basis for reversal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1833-19