**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2789-21

LAURA DRISCOLL,

    Petitioner-Appellant,

v.

COSTCO,

    Respondent-Respondent.

_____

Argued October 3, 2023 – Decided February 20, 2024

Before Judges Rose and Perez Friscia.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition Nos. 2021-2937 and 2021-3701.

Christopher Peter Gargano argued the cause for appellant.

Jennifer Anne Cottell argued the cause for respondent (Capehart & Scatchard, PA, attorneys; John Hugh Geaney, of counsel; Jennifer Anne Cottell and McKenna Rae Parris, on the brief).

PER CURIAM

In these compensation matters, petitioner Laura Driscoll appeals from a March 31, 2022 final order denying her motions for medical and temporary disability benefits against her employer, Costco, for two related claims; and two June 1, 2021 orders denying her motions to suppress Costco's defenses and compel discovery for each claim. We affirm.

I.

Driscoll testified at the eight-day plenary hearing and presented the testimony of her supervisor, Sherrie Binder; Costco store clerk, Leigh-Ann Terrell; and Alexander Pekurovsky, M.D., as an expert in anesthesia and pain management. Costco called Richard Callahan, a membership manager; Jennifer Yanow, M.D., as an expert in pain management; and Nomaan Ashraf, M.D., as an expert in orthopedics. The testimony of the witnesses is accurately summarized in the judge of compensation's opinion and need not be reiterated here. Instead, we summarize the pertinent facts and procedural history from the record before the judge of compensation.

While assisting a cashier during the course of her employment for Costco on November 16, 2020, Driscoll injured her back lifting a heavy case of water bottles. Driscoll was fifty-five years old with no prior history of back injuries.

The following day, Costco authorized treatment with Randy Klein, M.D., who prescribed pain and anti-inflammatory medication, and placed Driscoll out of work. Dr. Klein later prescribed physical therapy and referred Driscoll to Dr. Ashraf, an orthopedic spine specialist.

Dr. Ashraf, in turn, prescribed a steroid pain reliever, an MRI, and additional physical therapy. Driscoll thereafter reported her severe reaction to the medicine, claiming she felt "very shaky, nauseous, very depressed, [and] suicidal." On December 23, 2020, Dr. Ashraf recommended Driscoll return to work on modified duty, including: "no lifting of weight greater than [five pounds]"; "no repetitive bending [one] time[] per hour"; "limit[ing] standing to [thirty] minutes with alternate sit[ting fifteen] minutes"; and "no climbing."

On January 2, 2021, Driscoll underwent an MRI. Dr. Ashraf's diagnostic imaging review revealed a "small right paracentral disc herniation at L4-5 with an associated annular fissure." On January 6, 2021, Dr. Ashraf returned Driscoll to work with a twenty-pound lifting restriction. Driscoll testified she returned to work sometime "after the new year."

On January 30, 2021, Costco assigned Driscoll to work inventory. Driscoll testified the assignment involved moving "heavy stacks" of clothing. She claimed the "repetitive lifting and bending aggravated [her] back," causing

3

her to leave work around ninety minutes before the end of her scheduled shift. Driscoll informed her manager she was injured but acknowledged she did not complete an accident report. Driscoll further acknowledged her employer did not ask her to lift more than twenty or twenty-five pounds.

On February 3, 2021, Driscoll filed her first claim petition, asserting she injured her back during the November 16, 2020 incident. In its answer, Costco accepted Driscoll's lower back injury. Costco asserted it "made full payment benefits to petitioner" and "put her to her proofs on the issue of permanent disability." Driscoll thereafter amended her petition to add a "neuropsychiatric sequelae" injury. Costco filed an amended answer denying the claim.

Driscoll filed a second claim on February 11, 2021, contending she sustained a new injury to her back on January 30, 2021, and an aggravation of her November 16, 2020 back injury. Costco answered the complaint, denying the claim.

Meanwhile, Driscoll continued authorized treatment with Dr. Yanow, a pain management specialist referred by Dr. Ashraf. Dr. Yanow performed medial branch block injections and rhizotomies. Thereafter, Driscoll reported increasing pain, radiating from her right buttock to her foot and claimed she was "unable to work in any capacity." Unable to discern the cause of Driscoll's pain,

4

Dr. Yanow ordered an updated MRI and, pending the results, returned Driscoll to work in a sitting-only capacity. Dr. Yanow refused Driscoll's request "to write a note taking her out of work for the last couple of weeks."

In late March 2021, Driscoll moved for medical and temporary benefits. Thereafter, Driscoll treated with Jagdip Desai, M.D., for pain management, without Costco's authorization, and continued authorized treatment with Drs. Yanow and Ashraf. Dr. Desai's treatment plan included joint injections, a psychological evaluation, and removal from work. He also prescribed pain medication.

In mid-April, Dr. Ashraf determined Driscoll had reached maximum medical improvement, noting the updated MRI did not indicate a pathology that required surgery. Driscoll filed additional motions for medical and temporary benefits, demanding benefits from March 11, 2021 until further order of the court, and requesting transfer of her medical care from Drs. Ashraf and Yanow to Dr. Desai.

Costco opposed the motions. In a supplemental certification, Costco's counsel asserted Driscoll was under authorized care with Dr. Yanow, who disagreed with Dr. Desai's prognosis and treatment plan. Further, Driscoll was

paid temporary benefits during the time frame that Drs. Ashraf and Yanow restricted her from full duty.

In May, Driscoll began treatment with Dr. Pekurovsky, whose diagnoses included lumbar radiculopathy, intervertebral disc disorders, low back pain, and sacroiliitis. Dr. Pekurovsky performed a steroid injection followed by a sacroiliac joint injection, which resulted in fifty percent relief. After Dr. Pekurovsky left the practice, Driscoll continued treatment with another doctor in the practice.

Around the same time, Driscoll underwent an EMG, which was ordered by Dr. Yanow. The results indicated "evidence of a bilateral tibial motor and peroneal motor neuropathy" as well as "evidence of a right sural sensory neuropathy." The results showed no evidence of lumbar radiculopathy. Thereafter, Dr. Yanow discharged Driscoll at maximum medical improvement and cleared her for full-duty work, opining she could not offer anything else "from a pain management standpoint."

Prior to hearing testimony on the return date of the motions, the judge of compensation denied Driscoll's motions to suppress Costco's defenses and compel discovery. The judge rejected Driscoll's argument that Costco failed to provide the narrative reports of Drs. Ashraf and Yanow when, as the petitioner,

6

Driscoll was required to do so. The judge reasoned a petitioner's obligation to provide a medical report or an affidavit of a medical professional stems both from the petitioner's inability to provide evidence concerning a diagnosis or treatment, and the petitioner's obligation to present "some type of report from [a] medical doctor, which will be contrary to what . . . in this case an authorized treating physician sa[id]." See N.J.S.A. 12:235-3.2(b)(3). The judge noted, conversely, Driscoll could subpoena her own treatment records, but ordered Costco to reimburse Driscoll for the cost of obtaining the records it should have provided.

Based on the evidence adduced at the hearing, the judge found Driscoll's claim for medical benefits was "limited to the period of time that Dr. Pekurovsky conducted treatment," noting the absence of "any testimony or medical records for any treatment after July 9, 2021." The judge further found "Dr. Pekurovsky alluded to the possibility of a need for additional treatment" but there was no evidence in the record "as to what was done and the need thereof." Accordingly, the judge declined to "make any findings as to any treatment done by a subsequent physician."

The judge of compensation next addressed "the two main issues": whether the January 30, 2021 incident was a compensable accident; and whether Driscoll

attained maximum medical improvement under the authorized treatment by Drs. Ashraf and Yanow, or whether Dr. Pekurovsky's treatment should have been authorized.

Regarding the first issue, the judge credited the testimony of Driscoll and her lay witnesses, finding petitioner sustained a second injury while employed by Costco. However, the judge "was more persuaded by the testimony of [Costco]'s doctors." The judge found credible the testimony of Drs. Ashraf and Yanow, noting: "Both physic[ia]ns acknowledged that the patient was in pain but there was nothing more that could be done." In his amplification statement, the judge elaborated: "Both doctors gave detailed evidence as to the office proce[dure]s, history taken, examinations and tests, reasoning for the treatment performed[,] and final diagnosis."

Conversely, the judge found "Dr. Pekurovsky did not review the EMG or the actual MRI of March 26, 2021. He did not have knowledge of the prior medical history. The treatment rendered by Dr. Pekurovsky resulted in a 50% improvement that lasted for one week" and he "had no plan for additional treatment," which suggested to the judge "that further treatment would be of little benefit."

A-2789-21

In her overlapping arguments on appeal, Driscoll challenges the sufficiency of the judge of compensation's credibility and factual findings, and claims the judge improperly relied on the net opinion of Costco's authorized medical providers. Driscoll also contends the judge failed to make requisite findings regarding her discovery motions, and Costco's failure to provide discovery forced her to try the matter without evidence supporting her employer's position, thereby denying her right to due process. We are not persuaded.

## II.

Well-settled principles guide our review. Our scope of review in a workers' compensation case is narrow and deferential. Lapsley v. Twp. of Sparta, 249 N.J. 427, 434 (2022). We accord "substantial deference" to the factual findings made by a workers' compensation judge "in recognition of the compensation judge's expertise and opportunity to hear witnesses and assess their credibility." Goulding v. NJ Friendship House, Inc., 245 N.J. 157, 167 (2021) (quoting Ramos v. M & F Fashions, Inc., 154 N.J. 583, 594 (1998)). Our role in reviewing such decisions therefore "is limited to 'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the

opportunity of the one who heard the witnesses to judge of their credibility.'" Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)); see also Hersh v. County of Morris, 217 N.J. 236, 242 (2014).

"We may not substitute our own factfinding for that of the [j]udge of [c]ompensation even if we were inclined to do so." Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 488 (App. Div. 2000). We must defer to the factual findings and legal determinations made by the judge of compensation "unless they are 'manifestly unsupported by or inconsistent with competent relevant and reasonably credible evidence as to offend the interests of justice.'" Lindquist, 175 N.J. at 262 (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994)). However, we review de novo the judge of compensation's legal conclusions. Hersh, 217 N.J. at 242.

We also recognize "[c]ompensation judges have 'expertise with respect to weighing the testimony of competing medical experts.'" Martin v. Newark Pub. Schs., 461 N.J. Super. 330, 337 (App. Div. 2019) (quoting Ramos, 154 N.J. at 598). A "judge of compensation 'is not bound by the conclusional opinions of any one or more, or all, of the medical experts.'" Kaneh v. Sunshine Biscuits, 321 N.J. Super. 507, 511 (App. Div. 1999) (quoting Perez v. Capitol

10

Ornamental, Concrete Specialties, Inc., 288 N.J. Super. 359, 367 (App. Div. 1996)). "That [the judge] gave more weight to the opinion of one physician as opposed to the other provides no reason to reverse th[e] judgment." Martin, 461 N.J. Super. at 337 (alterations in original) (quoting Bellino v. Verizon Wireless, 435 N.J. Super. 85, 95 (App. Div. 2014)).

In our review, we are mindful that the Workers' Compensation Act, N.J.S.A. 34:15-1 to -147, "is humane social legislation designed to place the cost of work-connected injury on the employer who may readily provide for it as an operating expense." Hersh, 217 N.J. at 243 (quoting Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 94-95 (1988)). Accordingly, the act should be "construed and applied in light of this broad remedial objective." Ibid. (quoting Livingstone, 111 N.J. at 95); see also Goulding, 245 N.J. at 167.

Nonetheless, the petitioner bears the burden of establishing the compensability of their injuries by a preponderance of the evidence. Lindquist, 175 N.J. at 263. "Whether the treatment is characterized as curative or palliative, [it] is compensable if competent medical testimony shows that it is 'reasonably necessary to cure or relieve the effects of the injury.'" Martin, 461 N.J. Super. at 338 (quoting Hanrahan v. Twp. of Sparta, 284 N.J. Super. 327, 336 (App. Div. 1995)). Whether treatment is reasonable and necessary is not

11

dependent on the petitioner's "desires or beliefs as to what treatment or service will be most beneficial." Hager v. M&K Constr., 246 N.J. 1, 24 (2021). The petitioner must demonstrate the treatment would "probably relieve [the] petitioner's symptoms and thereby improve [the] ability to function." Hanrahan, 284 N.J. Super. at 336. "A mere showing that the injured worker would benefit from the added treatment is not enough." Raso v. Ross Steel Erectors, Inc., 319 N.J. Super. 373, 383 (App. Div. 1999). There may be a point at which "the pain or disability experienced by the worker is insufficient to warrant the expense of active treatment." Hanrahan, 284 N.J. Super. at 336.

We have considered Driscoll's contentions in view of these guiding legal principles and conclude the judge's findings are "supported by sufficient credible evidence on the record as a whole," R. 2:11-3(e)(1)(D), and Driscoll's arguments are without sufficient merit to warrant extended discussion in a written opinion, R. 2:11-3(e)(1)(E). We affirm the March 31, 2022 order denying Driscoll's motions for medical and temporary disability benefits substantially for the reasons articulated by the judge of compensation. We add only the following brief comments regarding Driscoll's challenges to the June 1, 2021 orders, denying her discovery motions.

12

Workers' compensation proceedings are governed by the Workers' Compensation Division Rules. See N.J.A.C. 12:235-1.1. Pursuant to N.J.A.C. 12:235-3.1, the respondent's answer must include certain information itemized in N.J.A.C. 12:235-3.1(b)(1)(i) to (xi). However, a judge of compensation is permitted to allow "the filing of the answer on such terms as may be fixed in the [judge's] discretion." N.J.A.C. 12:235-3.1(b)(3). Contrary to Driscoll's contentions, prior to commencing the testimonial hearing, the judge fully explained his reasons for denying the discovery motions. We therefore discern no reason to disturb the judge's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2789-21