**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1008-17T3

KARIM HAGGAG,

      Petitioner-Respondent,

v.

EASTERN CONCRETE,

      Respondent-Appellant.

_____

> Argued November 15, 2018 – Decided July 9, 2019
>
> Before Judges Accurso, Vernoia and Moynihan.
>
> On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2017-5573.
>
> Gregory Lois argued the cause for appellant (Lois Law Firm LLC, attorneys; John Hugh Geaney and Karen E. Gibson, on the brief).
>
> John M. Pinho argued the cause for respondent (Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, PC, attorneys; John M. Pinho, on the brief).

PER CURIAM

Appellant Eastern Concrete (Eastern) appeals from a judge of compensation's October 12, 2017 order granting respondent Karim Haggag (Haggag) temporary disability benefits and imposing a penalty for Eastern's unreasonable non-payment of the temporary disability benefits. Eastern does not appeal from that portion of the court's order awarding medical benefits to Haggag. We affirm the order awarding medical benefits, vacate the order granting temporary disability benefits and remand for further proceedings.

I.

On January 25, 2017, Haggag was employed by Eastern and injured in a single-vehicle automobile accident while driving an Eastern-owned pickup truck after leaving Eastern's Jersey City concrete plant. Haggag filed a workers' compensation claim petition asserting that, as a result of the accident, he suffered orthopedic injuries to his elbows, knees, left wrist and neck, as well as neurological and internal injuries. Eastern filed an answer denying Haggag's entitlement to workers' compensation benefits and asserting the accident did not arise out of, or in the course of, Haggag's employment.

A-1008-17T3

Haggag filed a motion for temporary disability and medical benefits.[1] Eastern filed an answering statement incorporating the facts set forth in its counsel's certification. Eastern asserted Haggag was not entitled to benefits because he sustained his injuries while on his way home from work. Eastern explained it was investigating whether Haggag was "under the influence of some substance at the time" of the accident, that it would "direct the [c]ourt's attention to medical records . . . that are relevant to this issue" and that Haggag "refused to be drug tested following the accident."

Eastern subsequently admitted Haggag suffered injuries in a compensable accident and is entitled to medical benefits, but disputed Haggag's entitlement to temporary disability benefits. Eastern submitted a supplemental certification from its counsel claiming Haggag "was terminated for cause effective January 26, 2017, for failure to submit to a drug test," and did not satisfy his burden of showing "he was available and willing to work, and that he would have been employed if not for his disability."

---

[1] Although the motion requested a medical benefits award, the supporting papers stated Eastern was providing Haggag with medical benefits. Haggag previously filed a motion for temporary disability and medical benefits that the workers' compensation court rejected because it did not include medical records.

A-1008-17T3

On May 23, 2017, the workers' compensation judge conducted an evidentiary hearing on Haggag's motion for temporary disability benefits. The parties stipulated Haggag was involved in a compensable accident on January 25, 2017, was receiving medical benefits and claimed to have suffered "injuries to his bilateral elbows, . . . knees [and] . . . legs, left wrist, neck and back," and neurological and internal injuries. They further stipulated he earned an average weekly wage of $1064.74, which gave rise to a compensation rate of $745.32, and that his employment with Eastern terminated on January 26, 2017. They also stipulated Haggag was entitled to permanent benefits. Haggag rejected Eastern's proposed stipulation that Eastern terminated his employment for cause. Haggag was the only witness at the hearing. No exhibits were admitted in evidence.

Haggag testified that on January 25, 2017, he was employed by Eastern[2] as a technical service representative. He recalled that he was about to leave Eastern's Jersey City concrete plant and next remembered waking up in the hospital. He has no recollection of the accident and the ensuing "first few days"

---

[2] During the trial, the names "Eastern" and "U.S. Concrete" were used interchangeably to refer to Haggag's employer on January 25, 2017. Haggag testified "Eastern" is affiliated with "U.S. Concrete." The identity of Haggag's employer is not an issue. We refer to his employer as "Eastern" for ease of reference.

of his hospitalization. He did not recall any request by Eastern that he submit to a drug test.

At the time of the hearing, Haggag was under medical treatment and unable to work. Haggag agreed he would be able to work but for his injuries, "will . . . be returning to work" after he recovers from his injuries and will look for work if employment is unavailable at Eastern after he recovers and is able to work. Haggag testified he did "not have any employment prospects or promises of employment" at the time of the hearing.

Haggag also testified he received a January 30, 2017 letter from Eastern advising that his employment was terminated effective January 26, 2017, the day following the accident. He did not testify about the reason for the termination. The letter was marked for identification and shown to Haggag, but not admitted in evidence.

In response to questioning by the judge, Haggag testified he did not have any secondary employment when his employment with Eastern was terminated, and had not sought new employment since his termination. The court noted that Haggag appeared at the hearing in a wheelchair with his left leg on a pad, and right leg elevated about twenty degrees "off the horizontal." The judge further noted "clear evidence of repairs that were done on [Haggag's] leg," including

5

eighteen to twenty inches of scarring and "an open wound of about two inches." Both counsel agreed the judge fairly described Haggag's physical condition.

Three months after the hearing, in a letter dated August 28, 2017, Haggag's counsel submitted additional documents to the judge for his "review with respect to the . . . matter." The documents included a police report regarding the accident, hospital discharge summary, home medication list, trauma assessment flow sheet and physicians' orders. In a September 1, 2017 letter reply, Eastern's counsel objected to the judge's consideration of the documents because they were submitted following the May 23, 2017 hearing and the filing of the parties' post-hearing briefs. Eastern's counsel argued the documents were not authenticated or admitted in evidence, and Eastern was deprived of the opportunity to cross-examine witnesses concerning them.

Eastern's counsel further argued that if the judge elected to consider the documents, it should also consider documents Eastern's counsel submitted with his letter. The documents included Eastern's Drug and Alcohol Policy and "a copy of the Medtox Drug Testing Custody and Control Form which indicates [Haggag's] refusal to submit to a test and his refusal to sign the document."

In an October 4, 2017 oral opinion, the judge stated that the issue presented was whether Haggag's "alleged failure . . . to provide a drug screen

6

blood sample one day after the accident, while hospitalized in an intensive care unit, is sufficient to trigger a termination of temporary . . . disability benefits." The judge further stated that an additional issue presented was whether Haggag is entitled to temporary benefits from the date of the accident until he reaches maximum medical improvement.

Relying on a report from "Emergency Medical Service,"[3] the judge found Haggag was involved in a single-vehicle "head-on collision with a speed greater than [twenty] miles per hour . . . with spidering of the windshield" and that Emergency Medical Service "determined" Haggag "was an unrestrained driver" who "struck the window hard enough to cause the windshield to fracture." The judge further detailed the report's recitation of Haggag's injuries and repeated his observations of Haggag's condition at the hearing.

The judge also explained that Eastern "provided documentary information"[4] showing its representative went to the hospital on the day

---

[3]  The transcript of the hearing does not show the admission into evidence of any records from Emergency Medical Service, and the record on appeal does not include any Emergency Medical Service records.

[4]  The transcript of the hearing does not show the admission of any documents or records into evidence. It therefore appears that the documentary information the judge relied upon consisted of the post-hearing submissions of the parties and records from Emergency Medical Service.

A-1008-17T3

following the accident to obtain a blood sample from Haggag while he was being treated in the hospital's intensive care unit "but was not able to do so." The judge found Eastern "cited this as a refusal" by Haggag to submit to a drug test and terminated his employment. The judge noted, however, that "[n]one of this documentary information was requested to be admitted as evidence."

The judge found Haggag was a credible witness and that Haggag had no recollection of a request that he provide a blood sample. The judge found Haggag was in intensive care for fourteen days after the accident and was prescribed pain medications at discharge. The judge was "appalled" Eastern "would attempt to obtain a blood sample while [Haggag was] in an [i]ntensive [c]are [u]nit on medications, when [Haggag was] not in a state of mind to give informed consent, and then terminate [his] temporary disability benefits."

The judge determined Eastern "failed to produce any evidence that [Haggag] is not entitled to receive temporary disability benefits," and rejected Eastern's contention that, under the principles established in Cunningham v. Atlantic States Cast Iron Pipe Co., 386 N.J. Super. 423 (App. Div. 2006), Haggag was not entitled to temporary benefits because he "was fired." The judge found the evidence showed Haggag "was, and is presently, unable to return to the work force solely because of the workplace injury" and concluded

8

Haggag was "therefore, eligible for temporary disability benefits and medical treatment, until such time as the authorized treating doctor clears him to return to work, or . . . opines [he] has reached maximum medical improvement."

The judge entered an order awarding temporary disability and medical benefits and imposing a $6680.88 penalty due to Eastern's "unreasonable non-payment of the temporary disability benefits." This appeal followed. Eastern challenges the judge's award of temporary benefits and the penalty.[5]

II.

Our "review of workers' compensation cases is 'limited to whether the findings made could [reasonably] have been reached on sufficient credible evidence present in the record . . . with due regard also to the agency's expertise[.]'" Hersh v. Cty. of Morris, 217 N.J. 236, 242 (2014) (second and third alterations in original) (quoting Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 163-64 (2004)). We determine whether the judge of compensation's findings "'could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,'" giving due regard to

_____

[5] As noted, Eastern does not challenge the judge's award of medical benefits. An issue not briefed on appeal is deemed waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008). We therefore affirm the judge's medical benefits award.

A-1008-17T3

the judge's opportunity to observe and hear the witnesses and to evaluate their credibility, and to the judge's expertise in the field of workers' compensation. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). However, a "judge of compensation's legal findings are not entitled to any deference and, thus, are reviewed de novo." Hersh, 217 N.J. at 243.

Although the Rules of Evidence do not apply in a workers' compensation proceeding, N.J.S.A. 34:15-56, "it is well-settled that a judge of compensation's determination must be based on competent evidence," Reinhart v. E.I. DuPont De Nemours, 147 N.J. 156, 163 (1996); see also Andricsak v. Nat'l Fireproofing Corp., 3 N.J. 466, 471 (1950) (finding a judge of compensation is required to determine the substantive rights of the parties based on competent evidence).

Here, the judge made his findings of fact and determination that Haggag is entitled to temporary disability benefits based on documents and medical records that were not admitted in evidence during the hearing. Eastern argues, and we agree, it was error for the judge to do so. The judge incorrectly considered Haggag's post-hearing submissions over Eastern's objection and, as a result, also erred by considering the post-hearing submissions Eastern was compelled to submit in response. The judge also erred by relying on records

10

from Emergency Medical Service because they were not presented or admitted in evidence during the hearing. Thus, the judge's consideration of the parties' submissions and other records is untethered to any showing at the hearing establishing their competence as evidence, see Gilligan v. Int'l Paper Co., 24 N.J. 230, 236 (1957) (finding that workers' compensation benefits "must . . . rest[] on legally competent evidence"), and the concomitant result is that this court lacks the record required to determine if they constitute competent evidence supporting the judge's award of temporary disability benefits, see, e.g., N.J. Div. of Youth & Fam. Servs. v. J.Y., 352 N.J. Super. 245, 264 (App. Div. 2002) (finding a court's review and consideration of documents not identified in the record "inhibited the appellate process by depriving the appellate court of a complete record on appeal").

The judge acknowledged that some of his findings of fact were based on documents that were not admitted as evidence during the hearing; he expressly noted that he made findings based on "documentary evidence" that was not "requested to be admitted as evidence." The court made findings about the occurrence of the compensable accident, Haggag's resulting injuries and status in the hospital following the accident, Eastern's purported request for a drug test and the circumstances surrounding the termination of Haggag's employment that

A-1008-17T3

are either expressly or implicitly based on records and post-hearing submissions that were not admitted as evidence. Moreover, the judge made credibility determinations, at least in part, founded on those records and post-hearing submissions: he found Haggag credibly denied any recollection of being asked to submit to a drug test because Haggag was in intensive care for fourteen days following the accident and was "not in a state of mind to give informed consent" to a drug test. But there is simply no evidence admitted during the hearing supporting those findings.

Confronted with the judge's erroneous reliance on the post-hearing submissions to support his findings of fact and credibility determinations, we are constrained to vacate the order granting temporary disability benefits and imposing the penalty, and remand for a new hearing on Haggag's claim. We do not offer an opinion on the adequacy of the evidence supporting Haggag's claim for temporary disability benefits or Eastern's defense based on the hearing record alone because to do so would usurp the workers' compensation judge's role of making credibility determinations and findings of fact based on competent evidence in the first instance. See, e.g., Lozano v. Frank DeLuca Contr., 178 N.J. 513, 535-37 (2004) (declining to find facts on appeal after vacating a judge of compensation's decision, and instead remanding the matter

for a hearing before a judge of compensation). Because the judge made credibility determinations, the matter shall be assigned to a new judge on remand. R.L. v. Voytec, 199 N.J. 285, 306 (2009).

The judge's erroneous reliance on documents outside of the evidentiary record to support his credibility and fact-finding determinations leaves us without a record to consider or decide the merits of Haggag's claim for benefits and Eastern's defense. Nothing in this opinion should be construed to the contrary. On remand, the parties shall be permitted to present such evidence supporting their positions as permitted by the applicable rules and as determined by the judge of compensation.

Affirmed in part, vacated in part and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1008-17T3