649 A.2d 69

HEIDI NOVIS, PETITIONER–RESPONDENT, v. ROSENBLUTH
TRAVEL, RESPONDENT–APPELLANT.

Argued September 13, 1994—Decided November 16, 1994.

*Robert J. Weinstein* argued the cause for appellant (*Marie Rose
Bloomer,* attorney).

*Gregory A. Stathis* argued the cause for respondent (*Lombardi and Lombardi,* attorneys).

The opinion of the Court was delivered by

STEIN, J.

Respondent, who had traveled out of town on behalf of her employer, sustained injuries while walking across the only side-walk leading from an office-building parking lot to the entrance of the office building in which her employer's branch office was located. The Division of Workers' Compensation determined that the injury did not arise out of or in the course of her employment. The Appellate Division reversed in an unreported opinion. We granted certification, 136 *N.J.* 30, 641 *A.*2d 1041 (1994), to consider whether the Appellate Division's holding was consistent with *Livingstone v. Abraham & Straus, Inc.,* 111 *N.J.* 89, 543 *A.*2d 45 (1988). We reverse.

Respondent, Heidi Novis, worked as a reservationist for appel-lant, Rosenbluth Travel, primarily at its home office in Iselin. When required to work out of town, Novis was compensated on an hourly basis that took into account the time spent traveling from her home or from the Iselin office until she arrived at her hotel or business destination.

At her employer's request, Novis traveled on February 13, 1991, to Windsor, Connecticut, to work temporarily at appellant's branch office located there. The branch office was in a three-story office building. An adjacent parking lot accommodated the building's tenants, including employees and visitors to the branch office. A sidewalk from the parking lot to a common entry provided the sole access to the building.

Arriving at the branch office on February 13, 1991, Novis worked there the balance of the day and stayed overnight at a local hotel. Novis also worked at the branch office the following

day from 8:00 a.m. until 6:30 p.m. On February 15, Novis drove from her hotel intending again to work at the branch office. She parked her car in the office-building lot and walked toward the building. While walking on the sidewalk leading from the parking lot to the building's entrance, Novis slipped and fell because of snow and ice that had accumulated during a snowfall the prior evening.

Novis's claim petition sought temporary disability benefits and medical expenses for her personal injuries, including multiple herniated discs, sustained in the course of her employment. The compensation judge observed that "[t]he accident happened in the parking lot at the Windsor office while petitioner was in the process of reporting for work. There is no contention that the employer controlled the employee during the parking process." Accordingly, the judge concluded on the basis of our holding in *Livingstone, supra,* 111 *N.J.* 89, 543 *A.*2d 45, that the accident was not compensable. Moreover, focusing on Novis's status as a traveling employee, the compensation judge also ruled that Novis's injury had not occurred in the course of employment because she was not entitled to compensation for time spent traveling out of town from her hotel to the branch office. Based on those conclusions, the Division of Workers' Compensation denied benefits.

Reversing, the Appellate Division construed our holding in *Livingstone* to imply that the statutory requirement that employment commence when an employee arrives at the "employer's place of employment," defined to exclude "areas not under the control of the employer," *N.J.S.A.* 34:15–36, is satisfied by evidence that the area at which the employee has arrived, here the parking lot, was "used" by the employer in the conduct of its business. Relying on *Ehrlich v. Strawbridge & Clothier,* 260 *N.J.Super.* 89, 91, 615 *A.*2d 286 (App.Div.1992), the court concluded that "[t]he fact that [Novis's] employer did not own, maintain, nor have the exclusive use of this area of the parking lot in which the plaintiff was injured was irrelevant to the finding of compensability."

The Appellate Division has overstated the effect of our holding in *Livingstone*. As another panel of that court pointedly has observed: "It is time to recognize that the 'going and coming rule' has come and gone. It was not resurrected * * * by the 'spirit of *Livingstone*.'" *Serrano v. Apple Container*, 236 *N.J.Super.* 216, 221, 565 *A*.2d 417 (1989).

The facts in *Livingstone* differ significantly from those that control the outcome of this appeal. Abraham & Straus, the employer in *Livingstone*, had directed its employees to park at the outermost edge of the shopping-mall parking lot, although it neither owned nor leased that portion of the lot for its exclusive use. Rather, as part of its agreement with the mall's owner, Abraham & Straus was entitled to share with other tenants general access to the mall's parking facilities. The directive was intended to assure that the more convenient parking spaces in the mall were reserved for customers of Abraham & Straus, and the undisputed testimony demonstrated that customers rarely, if ever, had sought access to the remote parking spaces designated for Abraham & Straus employees. In that specific context, we concluded that Abraham & Straus's appropriation of the designated area of the mall lot for its employees' use was the essential equivalent of "control":

> The obvious fact in this record is that Abraham & Straus had the power to designate an otherwise under-used area of the shopping center parking lot for use by its employees. Under the circumstances of this case, the portion of the lot designated by Abraham & Straus for its employees' use was effectively equivalent to an employer-owned lot. In this context, the 'control' standard set forth in the statute is fully satisfied: not only did Abraham & Straus have the ability to direct its employees to park in the designated area; it also had the power to appropriate this far corner of the lot to its own use, and did so. Neither customers of the center nor other tenants of the center contested its use of the area. Even though Abraham & Straus lacked control in the formal property law sense, it possessed, factually, almost the identical attributes of control, which are sufficient to satisfy the principles underlying the statute.
>
>   *   *   *   *   *   *   *   *
>
> Furthermore, by requiring its employees to park in a distant section of the lot, in order that customers could enjoy the convenience of parking adjacent to Abraham & Straus, appellant caused its employees to be exposed to an added hazard, on a daily basis, in order to enhance its business interests. In our view, it is entirely

consistent with the fundamental purposes of workers' compensation legislation that appellant assume responsibility for injuries thus sustained.

[111 *N.J.* at 104–06, 543 *A.2d* 45 (citations omitted).]

In contrast, appellant exercised no control over any portion of the parking lot adjacent to the office building in which its branch office was located. Appellant simply shared the lot with the other tenants, a circumstance vastly different from the specific facts that influenced our holding in *Livingstone*. On this record, the compensation judge correctly applied *Livingstone* in concluding that respondent's employment had not commenced when she fell on the sidewalk leading to the building entrance.

Judgment reversed.

*For reversal*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.