**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0270-18T1

EMILY MANUEL,

  Petitioner-Appellant,

v.

RWJ BARNABAS HEALTH,

  Respondent-Respondent.

_____

Argued October 2, 2019 – Decided October 16, 2019

Before Judges Yannotti and Firko.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition Nos. 2016-2307 and 2016-8112.

Benjamin D. Lockspeiser argued the cause for appellant Emily Manuel (Wysoker Glassner Weingartner Gonzalez & Lockspeiser, PA, attorneys; Benjamin D. Lockspeiser, on the brief).

Joseph G. Racioppi argued the cause for intervenor High Point Property and Casualty (Jasieniecki & Racioppi LLC, attorneys; John J. Jasieniecki, of counsel and on the brief).

Christina M. Adinolfi Shea argued the cause for respondent (Capehart & Scatchard PA, attorneys; Christina M. Adinolfi Shea, on the brief).

PER CURIAM

Petitioner Emily Manuel appeals from an August 24, 2018 order entered by a judge of compensation concluding that her injuries did not arise out of and in the course of her employment. Manuel and High Point Property and Casualty's (High Point) claims petitions were dismissed. We affirm.

I.

On December 30, 2015, Manuel worked as a nurse at Jersey City Medical Center/RWJ Barnabas Health (RWJ). That day, Manuel reported to work and parked her car in a lot across the street from the hospital known as the Marina Lot. After completing her shift at 7:00 p.m., Manuel was crossing Jersey Avenue, using the public crosswalk, when she was struck by an oncoming vehicle and thrown several feet. She sustained hip and pelvic fractures, a concussion, and other injuries.

Manuel began working at RWJ in 2004 and she parked free of charge in a lot situated on hospital property. In 2010, RWJ made on-site parking unavailable to non-essential employees, such as Manuel, and offered these employees parking in the Marina Lot situated across the street from the hospital.

The Marina Lot is owned and managed by Assured Resource Management, LLC (Assured).

RWJ rented 158 parking spots in the 450-space Marina Lot, and RWJ paid Assured $13,000 monthly to rent them. Employees were free to park in any of the 158 spots. The remaining spots are leased by residential tenants living in nearby buildings. RWJ provided an optional shuttle service to transport hospital employees from the Marina Lot to the hospital's entrance. Employees who did not use the shuttle could cross Jersey Avenue using the public crosswalk between the hospital and Marina Lot. RWJ did not control the means of ingress and egress from the Marina Lot to the hospital.

The lease with Marina Lot requires RWJ to issue parking passes to its employees; designate the employees who are permitted to park in the lot; collect parking fees if it chose to; provide an on-site traffic director during morning and evening rush hours; obtain liability insurance insuring Assured against liability claims; and remove unauthorized vehicles in conjunction with the owner of the lot. RWJ did not have a traffic director on site, but the Marina Lot's owner had a parking attendant. RWJ had no control over snow removal, repairs, or maintenance of the Marina Lot.

RWJ employees had the option to park elsewhere, including but not limited to: the street; in another lot, known as the ED lot, owned by RWJ; or in the hospital visitors' spots for a fee. RWJ makes a biweekly payroll deduction from the employees who are authorized to park in the Marina Lot, such as Manuel, to pay for the lease. Employees must submit an application for permission to park in the lot.

The judge of compensation found Manuel's injury was not compensable. In his oral opinion, the judge stated:

> Number one, [] although there were paragraphs within the lease agreement that allowed [RWJ] to exercise limited control of the parking garage, the garage owners actually exercised daily control and maintenance of the garage.
>
> Number two, [Manuel] was injured on a public street not within the control of [RWJ], . . . nor was [Manuel] directed to cross there. Number three, [RWJ] provided an alternate means to get to the garage, this being the shuttle bus, but [Manuel] chose to not use it, but to walk across Jersey Avenue.
>
> For these reasons the [c]ourt is compelled to find the injuries sustained by [Manuel] did not arise out of or in the course of her employment, and are therefore not compensable.

The judge also found that High Point was not entitled to reimbursement of Personal Injury Protection (PIP) expenditures made on behalf of Manuel.

A-0270-18T1

High Point asserted a subrogation claim and also argued Manuel's injury was compensable.

On appeal, Manuel and High Point argue that the judge of compensation erred by concluding her claim was not compensable.

II.

This court generally gives "substantial deference" to agency determinations. Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (citations omitted). "In workers' compensation cases, the scope of appellate review is limited to 'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility.'" Ibid. (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). This court must defer to the judge of compensation's factual findings and legal determinations "unless they are manifestly unsupported by or inconsistent with competent[,] relevant[,] and reasonably credible evidence as to offend the interests of justice." Ibid.

This court will not substitute its judgment for that of the judge of compensation, even it if would reach a different result when considering the facts anew. Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 488 (App. Div.

A-0270-18T1

2000); see also Perez v. Capitol Ornamental, Concrete Specialties, Inc., 288 N.J. Super. 359, 367 (App. Div. 1996) (stating that the appellate review should consider whether the judge of compensation's decision "could reasonably have been reached on sufficient credible evidence in the record, considering the proofs as a whole, giving due regard to his expertise in the field of workers' compensation and his opportunity of seeing the witnesses and evaluating their credibility.").

> However, where the focus of the dispute is not on credibility but, rather, alleged error in the trial judge's evaluation of the underlying facts and the implications to be drawn therefrom, our function broadens somewhat. Where our review of the record "leaves us with the definite conviction that the judge went so wide of the mark that a mistake must have been made," we may "appraise the record as if we were deciding the matter at inception and make our own findings and conclusions."
>
> [Manzo v. Amalgamated Indus. Union Local 76B, 241 N.J. Super. 604, 609 (App. Div. 1990) (quoting C.B. Snyder Realty v. BMW of N. Am., 233 N.J. Super. 65, 69 (App. Div. 1989)).]

We conclude Manuel did not suffer a compensable injury and is not entitled to workers' compensation benefits because she was not injured during the course of her employment.

A-0270-18T1

III.

Under the New Jersey Workers' Compensation Act (the Act), employees have a right to workers' compensation benefits if they were acting in the course of their employment at the time the injury occurred. N.J.S.A. 34:15-7. The law previously provided that an injury sustained during routine travel to and from work was not compensable (the "going and coming rule"), but there were many exceptions to the rule and the Legislature decided to amend the statute in 1979. See White v. Atl. City Press, 64 N.J. 128, 134 (1973) (citation omitted) (stating "exceptions to the rule have been so numerous that they have almost swallowed the rule."); see also Hersh v. Cty. of Morris, 217 N.J. 236, 244 (2014) (discussing the 1979 amendment).

Accordingly, the going and coming rule evolved to the premises rule. Hersh, 217 N.J. at 244. The statute currently defines employment as beginning "when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer[.]" N.J.S.A. 34:15-36.

"[T]he pivotal questions under the premises rule are (1) where was the situs of the accident, and (2) did the employer have control of the property on

which the accident occurred." Hersh, 217 N.J. at 244 (quoting Kristiansen v. Morgan, 153 N.J. 298, 316-17 (1998)).

We have also discussed the issue of control when applying the premises rule. In Bradley, we addressed the issue of employer-provided parking garages and employer control over ingress and egress routes. Bradley v. State, 344 N.J. Super. 568 (App. Div. 2001). After leaving work for the day, at the Mercer County courthouse, the plaintiff in Bradley was walking to her vehicle using a back door of the building, accessible only by court employees, near the Livingston Street entrance. The plaintiff was required to cross Livingston Street to access the entrance. In Bradley, we stated, "where the employer has the right to control its employees' use of property for ingress or egress to its place of employment, and an accident occurs on that property, the accident is compensable." Id. at 581 (emphasis omitted) (quoting Brower v. ICT Group, 164 N.J. 367, 373 (2000)).

We also noted in Bradley the employer gave the employees permission to park in specific designated sections of the parking garage, even though they were not reserved spots. Id. at 579. The employer had 350 out of 600 permits to park in the garage. Ibid. We concluded the employer exercised sufficient control over the areas so that the injuries were compensable even though "the

situs here were not actually owned, maintained or exclusively used by the [employer]." Id. at 580.

Hersh further clarified employer control under the premises rule, holding that an employee injured walking two blocks between her employer-provided parking garage and her office building would not be compensated under the Act. Hersh, 217 N.J. at 238. Our Supreme Court reversed an award of benefits to the petitioner and found that the employer did not have control over the garage or over the public street where the injury occurred when a car ran a red light as petitioner crossed the street. Ibid.

The Court stated the employer in Hersh "only rented a small portion of the spots in the lot[,]" did "not own[] or maintain[]" the garage, "derived no direct business interest from paying for employees to park in the [garage,]" did not control the public street the injury occurred on, did not add "any special or additional hazards" to the employee's ingress or egress to work, and did not control the employee's ingress or egress route. Id. at 249-50. Additionally, employees were not required to enter and exit the building in specific areas and no additional hazards were created when employees crossed the public street. Ibid.

The Court has addressed the premises rule in other cases. In Livingstone, the Court found that an employee's injuries that were sustained walking from an employee parking area in a mall parking lot are compensable. Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 90 (1988). The Court noted that the employer required employees to park in the far part of the parking lot so that customers could park closer to the employer's place of business and thus that designated employee parking area was "entirely for its benefit." Id. at 91.

Furthermore, the Court noted that requiring the employees to park far away in the parking lot exposed them to an "added hazard." Id. at 105-06. The Court stated that "lots owned, maintained, or used by employers for employee parking are part of the employer's premises" for the purposes of the premises rule. Id. at 102; but see Novis v. Rosenbluth Travel, 138 N.J. 92, (1994) (holding that an employee who slipped on the sidewalk between the parking lot and office building did not have a compensable injury because the employer did not control the lot). Unlike the circumstances in Livingstone, Manuel was not required to park in the Marina Lot and RWJ did not dictate where she parked.

Here, there are sufficient credible facts to show that RWJ lacked control over the crosswalk used by Manuel, and the Marina Lot, and therefore, her injuries are not compensable under the premises rule. Furthermore, Manuel's

10

injuries resulted from a vehicular accident that occurred on a public roadway over which RWJ had no control.

The judge of compensation correctly found that <u>Hersh</u> applies, because "[m]ost importantly, the accident occurred on a public street not under the control of the [employer]." RWJ did not require its employees to park in the Marina Lot. Manuel declined to use the shuttle service, and had other parking options available to her. Employees opting out of using Marina Lot still had to cross Jersey Avenue to enter the hospital.

High Point argues that the compensation judge erred by finding it is not entitled to reimbursement of PIP expenditures made on behalf of Manuel. This argument is without sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0270-18T1