NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0958-19T3

DIANE S. LAPSLEY,

     Petitioner-Appellant,

v.

TOWNSHIP OF SPARTA and
SPARTA PUBLIC LIBRARY,

     Respondents-Respondents,

and

PAUL AUSTIN and SPARTA
DEPARTMENT OF PUBLIC
WORKS,

     Intervenors-Respondents.

_____

> APPROVED FOR PUBLICATION
> January 29, 2021
> APPELLATE DIVISION

Argued October 28, 2020 – Decided January 29, 2021

Before Judges Sumners, Geiger, and Mitterhoff.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2016-1756.

Matheu D. Nunn argued the cause for appellant (Einhorn, Barbarito, Frost & Botwinick, PC, attorneys; Matheu D. Nunn, of counsel and on the briefs; Christopher L. Musmanno and Christine M. McCarthy, on the briefs).

William G. Johnson and John R. Tort, Jr., argued the cause for respondents (Johnson & Johnson, attorneys for intervenors Paul Austin and Sparta Department of Public Works; Leitner, Tort, DeFazio, Leitner & Brause, PC, attorneys for respondents Township of Sparta and Sparta Public Library; William G. Johnson and John R. Tort, Jr., of counsel and on the joint brief).

The opinion of the court was delivered by

MITTERHOFF, J.A.D.

Petitioner Diane Lapsley appeals from a November 25, 2016 order entered by a judge of compensation concluding that injuries she sustained in a February 3, 2014 accident arose out of and in the course of her employment as a Sparta Township librarian pursuant to the Workers' Compensation Act (the Act), N.J.S.A. 34:15-1 to -146. After clocking out and exiting the library premises, petitioner was struck by a snowplow in an adjacent parking lot that happened to be owned by the township. The compensation judge concluded that petitioner's injuries were compensable pursuant to the premises rule, N.J.S.A. 34:15:36, which provides that "[e]mployment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer . . . ." Having reviewed the record and the applicable legal principles, we

conclude that a mechanical application of the premises rule in the context of a public-entity employer deviates from well-settled principles applicable to private employers and invites an overbroad and unwarranted expansion of public-entity liability for workers' compensation claims. We therefore reverse.

Petitioner was employed as a librarian at the Sparta Township Library.[1] Her duties included supervising staff, ordering books, and creating marketing materials for library events. The library is located within a municipal complex that also includes three common-use parking lots, a baseball field, and Sparta Township Board of Education offices. The common-use parking lots are free for use both by township employees as well as the general public. None of the parking areas within the common-use lot contain designated spots for petitioner or any other township employees. Thus, the township imposed no restrictions on petitioner in terms of paths of ingress or egress to and from the public parking lot and the library. Id.

On February 3, 2014, the library closed early due to inclement weather. Id. Petitioner's husband came to pick her up and parked in one of the common-use parking lots. Id. After stepping off the library curb and walking about eighteen feet into the lot, the couple was hit by a snowplow driven by a Sparta Township Department of Public Works employee. Petitioner sustained

---

[1] The parties have stipulated to the facts underlying this appeal.

A-0958-19T3

injuries to her leg that required multiple surgeries and have left her permanently disfigured.

On August 8, 2014, petitioner filed a complaint in the Law Division alleging negligence against Sparta Township, Sparta's Department of Public Works, Sussex County, and the driver of the snowplow. On September 29, 2014, Sparta Township filed a motion to dismiss in lieu of an answer, arguing petitioner's claim was barred by the exclusive remedy provision of the Act. The motion was denied and Sparta Township was ordered to file an answer.[2]

On January 19, 2016, petitioner moved for summary judgment requesting a ruling that she did not sustain a compensable injury encompassed by the Act. Sparta Township cross-moved for a stay and requested the matter be transferred to the Division of Workers' Compensation (Division), or in the alternative, for summary judgment.

While the motions were pending, in order to toll the statute of limitations, petitioner filed a protective claim petition in the Division and requested a stay pending resolution of the Law Division matter. The Township of Sparta filed an answer to the claim petition on January 28, 2016. Sparta's Department of Public Works and the snowplow driver successfully moved to

---

[2] The parties stipulated to the dismissal of Sussex County from the case.

intervene as co-respondents in the Workers' Compensation matter. Meanwhile, on February 19, 2016, the trial judge denied petitioner's motion for summary judgment and granted defendants' request for a stay of the Law Division matter, to allow the compensability issue to be resolved in the Division.

On November 25, 2016, a Workers' Compensation judge found petitioner's injuries were compensable under the Act. Relying on Brower v. ICT Group, 164 N.J. 367 (2000), the compensation judge determined that Sparta Township's ownership, maintenance, and right to control the parking lot were sufficient to find that the injury occurred on the employer's premises.[3] The facts that petitioner had clocked out, and that her employer had not actually exercised any degree of control over the parking lot, did not preclude compensability under the Act. Id.

Following the finding of compensability, the parties executed a consent order staying matters in both the Law Division and Division pending this appeal. The Law Division matter was dismissed without prejudice on April

---

[3] We agree with the compensation judge's finding that exclusive use is not necessary to find compensability. We read Brower, however, to hold that an employer's exclusive use of the situs of an employee's injury is sufficient, but not necessary, to find compensability. See Brower, 164 N.J. at 372-73.

20, 2018. On October 22, 2018, the compensation judge issued an order approving settlement subject to petitioner's appeal.

On appeal, petitioner argues the compensation judge erred by determining her injuries arose out of her employment because she was not engaged in a task for her employer's benefit when the injury occurred. She further contends that it was error to find the injury occurred during the course of her employment because she was off the clock and no longer within the confines of the library when the injury occurred. Petitioner urges that public policy and legislative intent would not be served if we found that a public employer's right to control the situs of an employee's injury satisfied the premises rule.[4]

Respondent argues that the compensation judge correctly found the injury compensable. Respondent further contends the Act's exclusive remedy provision is applicable, because petitioner was injured by a co-employee immediately after leaving work, while on property owned, maintained, and used by her employer.

We review final decisions from the Division in accordance with a deferential standard of review. "An administrative agency's final quasi-

---

[4] Petitioner also argues this court should grant her appeal as of right. Respondents have not opposed her right to appeal, and we find it unnecessary to address the issue.

A-0958-19T3

judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trustees, Police, 206 N.J. 14, 27 (2011). We are not, however, "bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue," Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973), particularly when "that interpretation is inaccurate or contrary to legislative objectives." Russo, 206 N.J. at 27 (quoting G.S. v. Dep't of Human Servs., Div. of Youth & Family Servs., 157 N.J. 161, 170 (1999)). Instead, this court reviews an agency's interpretation of statutes and case law de novo. N.J.S.A. 34:15-1 – 146; Mayflower Sec. Co., 64 N.J. at 93.

The Act has been described as "humane social legislation designed to place the cost of work-connected injury on the employer who may readily provide for it as an operation expense." Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 94-95 (1988) (quoting Hornyak v. Great Atl. & Pac. Tea Co., 63 N.J. 99, 101 (1973)). The Act entitles an employee to recover for injuries "arising out of and in the course of his employment . . . . " N.J.S.A. 34:15-1.

Whether a particular accident arose out of and in the course of employment raises a two-part question. Acikgoz v. New Jersey Tpk. Auth., 398 N.J. Super. 79, 87-88 (App. Div. 2008); Stroka v. United Airlines, 364 N.J. Super. 333, 339 (App. Div. 2003). First, there must be a causal

connection between the employment and the accident itself. Acikgoz, 398 N.J. Super. at 87-88; Stroka, 364 N.J. Super. at 339. Second, there must be a time-and-place nexus between the injured worker's employment and the accident. Acikgoz, 398 N.J. Super. at 87-88; Stroka, 364 N.J. Super. at 339. "That the injured employee may have been 'off the clock' does not automatically preclude compensability because the situs of the accident is a dispositive factor." Ackigoz, 398 N.J. Super. at 88 (citing Valdez v. Tri-State Furniture, 374 N.J. Super. 223, 232-33 (App. Div. 2005)).

Although the Act has been broadly interpreted to bring as many cases as possible within its coverage, Silagy v. State, 105 N.J. Super. 507, 510 (App. Div. 1969), it was amended by the Legislature in 1979 to "reduce costs by, among other things, 'sharply curtail[ing compensability for] off-premises accidents.'" Stroka, 364 N.J. Super. at 338-39 (quoting Jumpp v. City of Ventnor, 177 N.J. 470, 477 (2003)). Prior to the amendments, courts applied the going and coming rule, "a doctrine that prevented awarding workers' compensation benefits for accidental injuries that occurred during routine travel to or from the employee's place of work." Hersh v. Morris, 217 N.J. 236, 243 (2014). The going and coming rule drew a distinction between ordinary risks unrelated to employment, and those that were incidental to employment. Ibid. Its underlying principle was "that the normal journey to

A-0958-19T3

and from work is of no particular benefit to the employer and exposes the worker to no unusual risks." Ibid.

Over the years, however, courts crafted so many exceptions to the going and coming rule that it remained applicable only to a narrow set of circumstances. Briggs v. Am. Bilrite, 74 N.J. 185, 189-90 (1977). When the Legislature amended the Act in 1979, it provided a more restrictive definition of "employment" in order to curtail compensability. Hersh, 217 N.J. at 244. Employment, as defined by the Act subsequent to the 1979 amendments:

> [S]hall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer . . . .
>
> [N.J.S.A. 34:15-36.]

With the 1979 amendments, the going and coming rule was replaced with the premises rule. Kristiansen v. Morgan, 153 N.J. 298, 316 (1997). "The premises rule is based on the notion that an injury to an employee going to or coming from work arises out of and in the course of employment if the injury takes place on the employer's premises." Ibid. Like the going and coming rule, the premises rule distinguishes between accidents that occur on the employer's premises from those that do not. Ramos v. M & F Fashions, 154 N.J. 583, 591 (1998). The Court has explained, however, that the phrase

A-0958-19T3

"excluding areas not under the control of the employer . . . . was intended to make clear that the premises rule can entail more than the four walls of an office or plant."  Kristiansen, 153 N.J. at 316-17.  When determining whether an employee's injury took place on an employer's premises, courts consider (1) the situs of the accident; and (2) whether the employer had control of the situs of the injury.  Ibid. (citing Livingstone, 111 N.J. at 96).

In Livingstone, the Court extensively analyzed the body of case law interpreting the "going and coming rule" beginning with Bryant v. Fissell, 84 N.J.L. 72, (Sup. Ct. 1913), through the 1979 amendment to N.J.S.A. 34:15-36. Ehrlich v. Strawbridge & Clothier, 260 N.J. Super. 89, 90-91 (App. Div. 1992) (citing Livingstone, 111 N.J. at 95-100).  "[T]he Court identified a group of cases holding that 'parking lots owned, maintained, or provided by employers were to be considered part of the employer's premises, and that injuries occurring in such lots before or after the actual work day arose out of and in the course of employment.'"  Ibid. (quoting Livingstone, 111 N.J. at 99).  After reviewing the 1979 amendments to the Act, the Livingstone Court stated:

> [W]e are persuaded that the Legislature impliedly approved of the principle established by those cases, namely, that lots owned, maintained, or used by employers for employee parking are part of the employer's premises, and had no intent to affect the validity of such decisions . . . The omission of any provision purporting to overrule or limit the reach of the parking-lot cases, in light of the comprehensive

> nature of the amendment, indicates that the Legislature considered these cases to be consistent with the economic tradeoffs struck by the Act, and therefore in need of no correction.
>
> [Ibid. (quoting Livingstone, 111 N.J. at 102-03).]

Since Livingstone was decided, however, the Court has narrowed applicability of the premises rule in parking lot cases. In Novis v. Rosenbluth, an employee was injured "while walking across the only sidewalk leading from an office-building parking lot to the entrance of the office building of which her employer's branch office was located." 138 N.J. 92, 93 (1994). The parking lot was adjacent to the office building and accommodated the building's tenants, including employees and visitors of the employer. Ibid. The employee had not received any instruction from her employer regarding her use of the lot. Id. at 94.

In reversing our decision in Novis, the Supreme Court found that Livingstone had incorrectly been construed to adopt a per se rule that an employer's "use" of a parking lot to benefit its employees automatically satisfied the premises rule. Id. at 94-95. In that regard, the Court noted that the employer had not exercised any degree of control over its employee's use of the common-use parking lot. Id. at 96 (emphasis added). Rather, it "simply shared the lot with the other tenants." Ibid. Thus, lacking the critical element of employer-directed control of the employee's use of the lot, the Court found

11

the injury non-compensable. Ibid.; see also Hersh, 217 N.J. at 249-50 (finding an injury sustained in a cross-walk while walking from an employer-provided parking lot to the place of employment non-compensable, in part, because paths of ingress or egress were not dictated by the employer); cf. Bradley v. State, 344 N.J. Super. 568, 579 (App. Div. 2001) (finding off-premises injuries sustained while using employer-directed paths of ingress or egress before or after work compensable).

A critical factor in the evolution of Workers' Compensation off-premises parking lot cases, then, is the degree of control the employer exercises over the employee's use of the lot. An injury will be compensable if it is sustained while the employee is using the lot where the manner of ingress or egress is dictated by the employer, Bradley, 344 N.J. Super. at 579, or in an area where the employee parks at the employer's direction for the employer's proprietary gain. Livingstone, 111 N.J. at 105-06. Use of a shared parking lot that accommodates multiple tenants, without specific instruction from an employer, is not sufficient to satisfy the premises rule. Novis, 138 N.J. at 96.

This case is distinguishable from the foregoing authorities, of course, because the Township happens to own the parking lot adjacent to the library. Nevertheless, we conclude that there is no reasoned basis to depart from the general rule that the library's "use" of the common-use parking lot for its

12

employees' benefit is not sufficient to satisfy the premises rule. It was stipulated that petitioner was off-the-clock at the time of the accident and had exited the library premises. Library employees were not given any instructions about where in the subject lot to park or indeed whether to park in that particular lot, on the street, or anywhere else in town where parking may be available. Nor were library staff instructed on the manner of ingress or egress. The lot was shared with other municipal employees and members of the public alike. Thus, the stipulated facts established that petitioner's employer exercised no control of its employee's use of the subject lot, that control being a critical element of the premises rule's application.

The reason control of an employee's use of the property is critical in a public-employer context is illustrated in Ackigoz, 398 N.J. Super. at 90. In Ackigoz, two New Jersey Turnpike Authority (NJTPA) employees had a car collision while crossing an overpass that led to and from a NJTPA facility. Id. at 82. Both drivers were off the clock at the time of the accident; one was heading home and the other was returning to the facility to pick up his paycheck. Ibid. The overpass was owned and maintained by the NJTPA and used by its employees, State Police, business invitees, and the general public. Id. at 90. The roadway was only one of several means of ingress and egress to the maintenance yard, including one access that adjoined a public road.

13

Although the NJTPA specifically permitted its employees to use the overpass, it neither encouraged nor discouraged the use of the roadway leading to the access overpass where the accident occurred.

After the accident, one of the drivers sought to bar a third-party negligence claim against him, alleging both drivers were in the course of their employment at the time of the accident because the situs of the accident was owned, controlled and maintained by their mutual employer. Id. at 82. Rejecting that compensability was established based solely on the NJTPA's ownership and maintenance of the roadway, we observed such a conclusion:

> [W]ould essentially abrogate the premises rule because the [NJTPA] owns and maintains the entire New Jersey turnpike system. Clearly, the mere fact that an [NJTPA] employee was involved in an accident on a road owned and maintained by the [NJTPA] cannot serve as a sufficient basis to conclude the accident occurred in the course of petitioner's employment.
>
> [Id. at 90.]

Despite the NJTPA's undisputed ownership and maintenance of the location, we upheld the compensation judge's conclusion that neither driver was in the course of their employment at the time of the accident. Relevant to this case, one driver had left the designated parking area of the facility where he worked and was on his way home. We agreed that once he left the designated parking lot, the route became part of his normal commute and he

14

was no longer on the employer's premises. This despite the fact that the premises of his employer and the accident site were each owned, maintained and controlled by the NJTPA. Id. at 89.

Similarly, in this case the Township owns and maintains multiple properties and roadways within its geographical boundaries, including the library premises and the adjacent parking lot. Library employees, however, are neither encouraged nor discouraged from utilizing the subject common-use lot. Like the employee in Acikgoz, once petitioner clocked out and exited the library premises, she embarked on her normal commute home. To conclude that petitioner's injuries would be compensable on any town-owned lot or roadway after leaving the library premises would be an unwarranted and overbroad expansion of public-entity exposure for workers' compensation claims under the Act.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-0958-19T3