SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**Diane S. Lapsley v. Township of Sparta (A-68/69-20) (085422)**

**Argued November 8, 2021 -- Decided January 18, 2022**

**FERNANDEZ-VINA, J., writing for a unanimous Court.**

In this appeal, defendants Township of Sparta, Paul Austin, and Sparta Department of Public Works (collectively, defendants) challenge a denial of workers' compensation benefits to plaintiff Diane Lapsley under the Workers' Compensation Act.

Lapsley was employed by the Township as a librarian for the Sparta Public Library. The library is in a municipal complex with athletic fields, offices, and three common-use parking lots. The Township owns and maintains the parking lots, which are open to Township employees and the general public alike. The Township did not direct employees to park in the parking lots, assign parking spaces for employees, or require permit or paid parking. Nor did the Township restrict employees' manner of traveling between the parking lots and the library.

On February 3, 2014, Lapsley's husband arrived at the library to drive Lapsley home. As they walked from the library to the car through the parking lot, they were suddenly struck by a snowplow owned by the Township and operated by Paul Austin, a Township employee. As a result, Lapsley suffered injuries to her leg requiring multiple surgeries and leaving her permanently disfigured. Lapsley filed a complaint against defendants in the Law Division and, later, a claim for workers' compensation benefits against the Township in the Division of Workers' Compensation.

The Division found that Lapsley's injuries arose out of and in the course of her employment and were therefore compensable under the Workers' Compensation Act. Lapsley appealed, and the Appellate Division reversed, finding Lapsley's injuries were not compensable under the Act. 466 N.J. Super. 160, 173 (App. Div. 2021). The Court granted defendants' petitions for certification. 246 N.J. 448 (2021); 246 N.J. 450 (2021).

**HELD:** Lapsley's injuries arose out of and in the course of her employment because the parking lot where she was injured was owned and maintained by the Township, adjacent to her place of work, and used by Township employees to park. Lapsley was therefore entitled to benefits under the Workers' Compensation Act.

1

1. The Workers' Compensation Act is humane social legislation that has always been construed and applied in light of its broad remedial objective. The Act authorizes workers' compensation benefits to an employee injured in an "accident arising out of and in the course of his employment." See N.J.S.A. 34:15-1. Aside from certain limited exceptions, the Act is the exclusive remedy for an employee who suffers a work-related injury. In determining whether an accident arises "out of and in the course of employment," New Jersey courts apply the premises rule established by the Legislature in the 1979 amendments to the Act: "[e]mployment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer." N.J.S.A. 34:15-36. The Legislature used the phrase "excluding areas not under the control of the employer" in its definition of employment because it intended to include areas controlled by the employer within the definition. (pp. 9-10)

2. To determine whether an injury is compensable, "[t]he pivotal questions under the premises rule are (1) where was the situs of the accident, and (2) did the employer have control of the property on which the accident occurred." Kristiansen v. Morgan, 153 N.J. 298, 316-17 (1998). The meaning of "control" under the Act is more expansive than under formal property concepts. "[C]ontrol exists when the employer owns, maintains, or has exclusive use of the property." Id. at 317. And "when compensability of an accident depends on control of the employer, that test is satisfied if the employer has the right of control; it is not necessary to establish that the employer actually exercised that right." Brower v. ICT Grp., 164 N.J. 367, 372-73 (2000). The Court reviews examples from case law. (pp. 10-12)

3. Applying the premises rule here, the Court finds that Lapsley is entitled to compensation under the Act. The site of the accident was the parking lot adjacent to the library where Lapsley's husband had parked; Lapsley stepped off the library curb directly into the parking lot before being injured there. The Township controlled that parking lot through its ownership and maintenance. See Kristiansen, 153 N.J. at 317. The parties do not dispute the Township's ownership or maintenance. The Township's plowing of the parking lot of snow when the accident occurred visibly demonstrated the Township's exercise of control over the lot. See Brower, 164 N.J. at 372-73. Also, the Township would have been aware that a library employee would park in the lot directly abutting the library. This construction is consistent with the Act's broad remedial objective. (pp. 12-13)

**The judgment of the Appellate Division is REVERSED.**

**CHIEF JUSTICE RABNER and JUSTICES ALBIN, PATTERSON, SOLOMON, and PIERRE-LOUIS join in JUSTICE FERNANDEZ-VINA's opinion.**

SUPREME COURT OF NEW JERSEY

A-68/69 September Term 2020

085422

Diane S. Lapsley,

Petitioner-Respondent,

v.

Township of Sparta and
Sparta Public Library,

Respondents-Appellants,

and

Paul Austin and Sparta
Department of Public Works,

Intervenors-Appellants.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
466 N.J. Super. 160 (App. Div. 2021).

| Argued | Decided |
|---|---|
| November 8, 2021 | January 18, 2022 |

William G. Johnson argued the cause for appellants Paul
Austin and Sparta Department of Public Works (Johnson
& Johnson, attorneys; William G. Johnson, of counsel
and on the briefs).

John R. Tort, Jr. argued the cause for appellants
Township of Sparta and Sparta Public Library (Leitner,

Tort, DeFazio & Brause, attorneys; John R. Tort, Jr., of counsel and on the briefs).

Christine M. McCarthy argued the cause for respondent (Einhorn, Barbarito, Frost & Botwinick, attorneys; Christine M. McCarthy, Christopher L. Musmanno, and Matheu D. Nunn, on the brief).

JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.

In this appeal, defendants Township of Sparta, Paul Austin, and Sparta Department of Public Works (collectively, defendants) challenge a denial of workers' compensation benefits to plaintiff Diane Lapsley under the Workers' Compensation Act, N.J.S.A. 34:15-1 to -147. The Act authorizes workers' compensation benefits to an employee injured in an "accident arising out of and in the course of employment." N.J.S.A. 34:15-7.

Lapsley was injured in a parking lot owned and maintained by her employer, the Township, and adjacent to her place of work. However, the Township did not control where Lapsley parked, did not restrict how employees entered and exited the building where she worked, and allowed both employees and the general public to use the parking lot. The Division of Workers' Compensation awarded benefits to Lapsley. The Appellate Division reversed, finding that Lapsley's injuries did not arise "out of and in the course

2

of" her employment because the Township exercised no control over her use of the parking lot.

We find that Lapsley's injuries arose out of and in the course of her employment because the parking lot where she was injured was owned and maintained by the Township, adjacent to her place of work, and used by Township employees to park. We therefore conclude that Lapsley was entitled to benefits under the Act, and we reverse the judgment of the Appellate Division.

I.

Lapsley was employed by the Township as a librarian for the Sparta Public Library. The library is in a municipal complex with athletic fields, offices, and three common-use parking lots. The Township owns and maintains the parking lots, which are open to Township employees and the general public alike. The Township did not direct employees to park in the parking lots, assign parking spaces for employees, or require permit or paid parking. Nor did the Township restrict employees' manner of traveling between the parking lots and the library.

On February 3, 2014, Lapsley closed the library early due to a snowstorm. Lapsley's husband, Donald, arrived to drive her home and parked his car in one of the parking lots. The parking lot he used is adjacent to the

3

library and is commonly used by employees for library purposes. As the Lapsleys walked from the library to the car, they stepped off the curb, walked approximately eighteen and a half feet into the parking lot, and were suddenly struck by a snowplow owned by the Township and operated by Paul Austin, a Township employee. As a result, Lapsley suffered injuries to her leg requiring multiple surgeries and leaving her permanently disfigured.

Lapsley filed a complaint against the Township, the library, Austin, and the Sparta Department of Public Works in the Law Division. Defendants filed a motion to dismiss in lieu of an answer, arguing that Lapsley's claim was barred by the exclusive remedy provision of the Act. The Law Division denied the motion.

The next day, Lapsley filed a motion for summary judgment, arguing that her injuries were not compensable under the Act. Defendants filed a cross motion for a stay and transfer of the matter to the Division of Workers' Compensation for a determination of compensability under the Act or, alternatively, for summary judgment.

Lapsley then filed a claim for workers' compensation benefits against the Township in the Division of Workers' Compensation. The Township filed an answer to the claim conceding that Lapsley was employed by the Township and that her injuries were compensable under the Act. Austin and the Sparta

4

Department of Public Works moved to intervene in the matter, which the Division of Workers' Compensation granted. Meanwhile, the Law Division denied the parties' motions for summary judgment but granted a stay to allow the Division of Workers' Compensation to decide the issue of compensability.

The Division of Workers' Compensation ultimately found that Lapsley's injuries arose out of and in the course of her employment and were therefore compensable under the Act. Relying on Hersh v. County of Morris, 217 N.J. 236, 245 (2014), the compensation judge determined that the dispositive factors were the site of the accident and the employer's control of that location. Accordingly, the judge noted that the parking lot was adjacent to the library and that the Township owned, maintained, and had the right to control the lot. Therefore, the judge found Lapsley's injures to be compensable.

Lapsley appealed and, in a published opinion, the Appellate Division reversed, finding Lapsley's injuries were not compensable under the Act. Lapsley v. Township of Sparta, 466 N.J. Super. 160, 173 (App. Div. 2021).

Relying in part on this Court's decision in Novis v. Rosenbluth Travel, 138 N.J. 92 (1994), the Appellate Division determined that the critical factor in workers' compensation matters for an off-premises parking lot is the degree of control the employer exercised over the employee's use of the lot. Id. at 170-71. Considering that factor, the Appellate Division found that the Township

5

did not exercise control over Lapsley's use of the common-use parking lot because employees were not instructed on where to park or how to enter and exit the complex and because they shared the parking lot with the public. Ibid. Moreover, because the Township owns and maintains multiple properties and roadways including the municipal complex, the Appellate Division concluded that to find that Lapsley's injuries were compensable "would be an unwarranted and overbroad expansion" of liability for public employers. Id. at 173.

Defendants then petitioned for certification, which we granted. 246 N.J. 448 (2021); 246 N.J. 450 (2021).

## II.

The parties advance the following arguments with respect to whether Lapsley is entitled to workers' compensation benefits under the Act.

Defendants first argue that the Appellate Division erred in concluding that the premises rule requires a finding that the Township exercised control over Lapsley's use of the parking lot to find compensability under the Act. Instead, defendants maintain that the premises rule looks to the site of the accident and the employer's right to control the parking lot, not the degree of control exercised, in determining compensability. Accordingly, defendants claim that because the accident occurred in a parking lot owned and

6

maintained by the Township, Lapsley's injuries arose out of and in the course of her employment and are therefore compensable. Defendants further argue that the Appellate Division's decision would improperly expand public employers' exposure to potential tort liability and restrict employees' eligibility for workers' compensation benefits.

Lapsley, on the other hand, argues that the degree of control exercised over an employee's use of a parking lot is routinely analyzed and required in applying the premises rule to determining compensability. Lapsley maintains that the parking lot is not part of the Township's premises because the Township exercised no control over her route to or from the library and because the parking lot where she was injured was shared with the public. Lapsley further argues that if ownership and maintenance of the parking lot is sufficient to find compensability, the premises rule would be abrogated because the Township owns and maintains many properties and roadways within its boundaries, thus inviting expansive, unwarranted interpretations of the Act.

III.

A.

"Courts generally give 'substantial deference' to administrative determinations." Earl v. Johnson & Johnson, 158 N.J. 155, 161 (1999)

7

(quoting R&R Mktg., L.L.C. v. Brown-Forman Corp., 158 N.J. 170, 175 (1999)). Indeed,

> [i]n the workers' compensation context, the scope of appellate review is limited to a determination of "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge their credibility."
>
> [Ibid. (quoting Dietrich v. Toms River Bd. of Educ., 294 N.J. Super. 252, 260-61 (App. Div. 1996)).]

"Deference must be accorded [to] the factual findings and legal determinations made by the Judge of Compensation unless they are 'manifestly unsupported by or inconsistent with competent relevant and reasonably credible evidence as to offend the interests of justice.'" Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994)). However, we are not "bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973). Instead, we review an agency's interpretation of a statute de novo. Russo v. Bd. of Trs., PFRS, 206 N.J. 14, 27 (2011).

B.

The Workers' Compensation Act "is humane social legislation designed to place the cost of work-connected injury on the employer who may readily provide for it as an operating expense." Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 94-95 (1988) (quoting Hornyak v. Great Atl. & Pac. Tea Co., 63 N.J. 99, 101 (1973)). Therefore, "provisions of the Act have always been construed and applied in light of [its] broad remedial objective." Id. at 95.

Relevant to this appeal, the Act provides that

> [w]hen personal injury is caused to an employee by accident arising out of and in the course of his employment, of which the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he shall receive compensation therefor from his employer, provided the employee was himself not willfully negligent at the time of receiving such injury . . . .
>
> [N.J.S.A. 34:15-1 (emphasis added).]

And aside from "certain limited exceptions, the Workers' Compensation Act is the exclusive remedy for an employee who suffers a work-related injury." Univ. of Mass. Mem'l Med. Ctr., Inc. v. Christodoulou, 180 N.J. 334, 346 (2004) (citing N.J.S.A. 34:15-7, -8).

In determining whether an accident arises "out of and in the course of employment," our courts apply the premises rule established by the Legislature in the 1979 amendments to the Act. Kristiansen v. Morgan, 153 N.J. 298, 316

9

(1998) (citing N.J.S.A. 34:15-36). "The premises rule is based on the notion that an injury to an employee that happens going to or coming from work arises out of and in the course of employment if the injury takes place on the employer's premises." Ibid. Therefore, "[t]he fact that [an employee] had punched out on the time clock does not preclude compensability." Brower v. ICT Grp., 164 N.J. 367, 372 (2000).

Specifically, the amendments provide that "[e]mployment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer." N.J.S.A. 34:15-36. We have explained that

> [t]he Legislature used the phrase "excluding areas not under the control of the employer" in its definition of employment because it intended to include areas controlled by the employer within the definition. That phrase was intended to make clear that the premises rule can entail more than the four walls of an office or plant.
>
> [Kristiansen, 153 N.J. at 316.]

To determine whether an injury is compensable, "[t]he pivotal questions under the premises rule are (1) where was the situs of the accident, and (2) did the employer have control of the property on which the accident occurred." Id. at 316-17 (citing Livingstone, 111 N.J. at 96). "[P]laces that are not under the

control of the employer are not considered part of the employer's premises for purposes of workers' compensation benefits . . . ." Hersh, 217 N.J. at 249. That said, "[t]he meaning of 'control' under the Act is more expansive than under formal property concepts." Brower, 164 N.J. at 372 (citing Ramos v. M & F Fashions, Inc., 154 N.J. 583, 592 (1998)). "[T]his Court has stated that control exists when the employer owns, maintains, or has exclusive use of the property." Kristiansen, 153 N.J. at 317. It is also well-established that "when compensability of an accident depends on control of the employer, that test is satisfied if the employer has the right of control; it is not necessary to establish that the employer actually exercised that right." Brower, 164 N.J. at 372-73.

Applying the premises rule in Kristiansen, for example, this "Court found that control was obvious where the accident occurred because the [employer] owned, operated and maintained the" property where the employee was injured. Hersh, 217 N.J. at 245 (citing Kristiansen, 153 N.J. at 317)). In Hersh, however, this Court did not find control where the employee was injured when walking on a non-employer-owned street to a non-employer-owned parking garage; the employer only rented a portion of the garage over which it had no control, and it exercised no control over where the employee parked. Id. at 249. Accordingly, this Court held that the employee, "injured

11

on a . . . street, not controlled by the employer, [was] not entitled to compensation under [the Act]." Id. at 250.

IV.

Applying the premises rule here, we find that Lapsley is entitled to compensation under the Act.

The site of the accident was the parking lot adjacent to the library where Lapsley's husband had parked; Lapsley stepped off the library curb directly into the parking lot before being injured there. The Township controlled that parking lot through its ownership and maintenance. "[C]ontrol exists when the employer owns, maintains, or has exclusive use of the property." Kristiansen, 153 N.J. at 317 (citing Livingstone, 111 N.J. at 104). The parties do not dispute the Township's ownership or maintenance. The Township's plowing of the parking lot of snow when the accident occurred visibly demonstrated the Township's exercise of control over the lot. See Brower, 164 N.J. at 372-73. Also, the Township would have been aware that a library employee would park in the lot directly abutting the library.

Unlike in Hersh, where the employee was injured on non-employer-owned property, the Township controlled this parking lot adjacent to Lapsley's place of work. And the lot was available for use by employees of the adjacent library. Therefore, we find Lapsley's injuries arose out of and in the course of

12

her employment and are compensable under the Act. That construction of the Act is consistent with its "broad remedial objective." Livingstone, 11 N.J. at 95.

## V.

For the reasons set forth above, we reverse the judgment of the Appellate Division and affirm the judgment of the Division of Workers' Compensation.


CHIEF JUSTICE RABNER and JUSTICES ALBIN, PATTERSON, SOLOMON, and PIERRE-LOUIS join in JUSTICE FERNANDEZ-VINA's opinion.