**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1426-20

JACK G. KEARTON,

      Petitioner-Respondent,

v.

E.W. MILLWORK, LLC,

      Respondent-Appellant.

_____

Submitted December 6, 2021 – Decided January 27, 2022

Before Judges Sumners and Vernoia.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2005-6845.

Dickie McCamey & Chilcote, PC, attorneys for appellant (Dorothy T. Daly, of counsel and on the briefs; Michelle D. Gasior, on the briefs).

Stephen D. Berryhill, attorney for respondent.

PER CURIAM

Respondent E.W. Millwork, LLC appeals the Division of Workers' Compensation court orders of January 14, 2008, denying its motion to dismiss the petition of Jack G. Kearton, and June 23, 2008, denying its motion for reconsideration.[1]  We agree with E.W. Millwork that Kearton, one of its two members, did not affirmatively elect workers' compensation owner's coverage as required by N.J.S.A. 34:15-36 and, therefore, we reverse.

On August 27, 2003, Kearton sustained several injuries[2] while working at E.W. Millwork, a manufacturer of wooden railings and moldings.  He formed the limited liability company earlier that year with his equal owner, Edward Brigante.[3]

On March 4, 2005, Kearton filed a workers' compensation petition seeking medical treatment and temporary disability benefits.  Almost eight months later,

---

[1]  Defendant's notice of appeal only seeks review of the compensation court's January 14, 2008 order, not the June 23, 2008 order.  We could, therefore, limit our review to that order alone.  See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) ("It is clear that it is only the orders designated in the notice of appeal that are subject to the appeal process and review.").  We choose to overlook that technical error because, as discussed later, our reversal of the January 14 order makes review the June 23 order moot.

[2]  Keaton alleged that his left knee was struck by a steel rod, causing permanent injuries to his left leg, knee, and back.

[3]  In December 2003, Brigante left the business and withdrew his membership.

A-1426-20

E.W. Millwork through its workers' compensation carrier Zurich American Insurance Company, filed a motion to dismiss the petition, arguing coverage was not provided to its two members because the application for coverage did not request coverage for them.

After a three-day hearing, the workers' compensation judge issued a bench decision on January 14, 2008, denying the motion. The court determined that Richard E. Pawlak, the insurance producer, made a mistake on E.W. Millwork's workers' compensation insurance application and should have elected coverage for Kearton and Brigante. The court also found that Zurich was negligent and should have looked at the policy to ensure that coverage was provided to the members.

E.W. Millwork filed a timely motion for reconsideration, arguing the policy "clear[ly] and unambiguous[ly]" did not provide coverage for its members and there was no such endorsement listed on the declaration page. Since there was no affirmative choice for members' coverage—declining it twice on the application, E.W. Millwork argued Kearton was not covered as an employee of the company. Because the compensation court that issued the January 14 order retired, a different court decided the motion. On June 23, the compensation judge entered an order denying the motion, stating in his bench

3

A-1426-20

decision that he was "taking the coward's way out" by not deciding the merits, believing for him to do so "would [require] trying [the hearing] over again."[4]

Kearton suffered a second workplace injury on April 24, 2009, resulting in an additional claim petition that was consolidated with his initial petition for trial on the nature and extent of his injuries. On May 4 and 5, 2017, a third compensation judge presided over the trial, again due to retirement.

On December 23, 2020, the matter was concluded by a fourth compensation judge, who issued a final order of judgment regarding the 2003 work-related accident, awarding Kearton 46.5% partial total permanent disability for his injuries.

Before us, E.W. Millwork argues:

POINT I

IT WAS NOT WITHIN THE [COMPENSATION JUDGE'S] DISCRETION TO DENY THE MOTION FOR RECONSIDERATION OF THE QUESTION OF WORKERS' COMPENSATION COVERAGE FOR [KEARTON].

POINT II
THE MOTION TO DISMISS FOR LACK OF COVERAGE FILED BY RESPONDENT/CARRIER ZURICH AMERICAN INSURANCE COMPANY

---

[4] On August 20, 2008, this court denied E.W. Millwork's motion for leave to appeal.

A-1426-20

SHOULD HAVE BEEN GRANTED, AS THE EVIDENCE IN THE RECORD CLEARLY ESTABLISHES AT THE TIME THE APPLICATION FOR INSURANCE WAS SIGNED, THERE WAS AN INTENT NOT TO COVER THE MEMBERS OF THE LIMITED LIABILITY CORPORATION.

A. THE APPLICATION OF INSURANCE WAS NOT AMBIGUOUS ON ITS FACE AND THUS THE [COMPENSATION JUDGE] SHOULD HAVE GIVEN THE APPLICATION AND POLICY ITS PLAIN MEANING.

We agree with E.W. Millwork that the compensation court erred in not granting its motion to dismiss Kearton's claim because he was not included in his company's workers' compensation coverage. The compensation judge's findings were not supported by credible evidence in the record, and, in our de novo review of its legal findings, we are convinced coverage was not afforded to Kearton. See Hersh v. Cnty. of Morris, 217 N.J. 236, 242-43 (2014).

Under N.J.S.A. 34:15-36, members of a limited liability company, "who actively perform services on behalf of the" company, "shall be deemed an 'employee' of the" company "for purposes of receipt of benefits and payment of [workers' compensation insurance] premiums pursuant to [the Workers' Compensation Act[5]], if the" company "elects, when [its] workers' compensation

---

[5] N.J.S.A. 34:15-1 to -128.

policy . . . is purchased or renewed, to obtain coverage for the" company's members. "[T]he election may only be made at purchase or at renewal and may not be withdrawn during the policy term." Ibid. For any member of a limited liability company to opt in for workers' compensation coverage, all members must do so. 38 N.J. Practice, Workers' Compensation Law § 3.4 at 35 (Jon L. Gelman) (3d ed. 2000, 2020 Supplement).

Based on the record before us, we conclude E.W. Millwork did not obtain workers' compensation coverage for Kearton. Both Brigante and Kearton testified that they were supposed to be covered under their company's workers' compensation coverage. Nevertheless, it is undisputed that E.W. Millwork's application did not request such coverage. Pawlack testified he informed Brigante, who was responsible for securing insurance coverage for the company, of the consequences of not electing coverage for the company's members. He told Brigante that without coverage for members, if there was an "on[]the[]job or occupational injury, illness, sickness[,] or disease, there would be no coverage for neither he nor []Kearton." Notwithstanding that advice, he stated Brigante chose not to select coverage for the members.

A separate document to the insurance application titled "NOTICE OF ELECTION - PROPRIETORS AND PARTNERS," included an "x" within a box

6 A-1426-20

stating that "COVERAGE IS REJECTED." In addition, a section titled "COMPLETE THIS SECTION ONLY WHEN COVERAGE IS ELECTED" had Kearton's and Brigante's names filled in underneath, but the sections for "ESTIMATED ANNUAL WAGE[S]" and "DUTIES," which was required to provide coverage for them, was not completed. Although the application listed E.W. Millwork having six employees for a total wage of $155,000, it did not specify the amount of the members' wages. According to Pawlack, the member's names were only included in the section in case Brigante chose to elect coverage prior to signing, and if he did so, the form could be completed—which it was not.

Despite the clear fact that E.W. Millwork's application did not request workers' compensation coverage for its members, the compensation judge justified finding there was coverage based on Pawlack's mistake in not selecting coverage for members. The judge also found that Zurich was negligent and should have looked at the policy to make sure coverage was provided for the members. Without further explanation, the judge determined that Kearton was a covered employee. This was error.

Accepting Pawlack erred, there was no legal basis cited by the compensation judge for imputing liability on Zurich—by finding coverage that

was not requested—based on that error. Any mistake by the producer should be borne by him. There is no evidence to support the finding that Zurich was responsible for Brigante's failure to secure workers' compensation coverage for Kearton and him. Contrary to the judge's finding, there is nothing ambiguous about the application that warrants imposing coverage for Kearton. It clearly provided how the company's members had to obtain workers' compensation, and the completed application plainly showed coverage for the members was not requested.

We find no merit in Kearton's argument that the insurance policy should be construed against Zurich because he was included as an employee under the $155,000 total wages listed in the application. At the motion to dismiss hearing, Kearton testified that five employees would be paid for fifty-two weeks, with total annual salaries of $104,000. The remaining $51,000 represented his salary with Brigante not receiving salary. Kearton claimed Zurich calculated E.W. Millwork's premium coverage based on $155,000 total wages, thereby covering him.[6] The testimony, however, contradicts the plain language of the insurance application, which specifically requires the listing of members' salary. As noted,

---

[6] Kearton later gave contradictory testimony at the May 5, 2017 permanent disability trial that there were probably "eight or ten" employees when the business was first formed.

A-1426-20

the required information was not provided. We recognize the Workers Compensation Act is social legislation that is liberally construed "to implement the legislative policy of affording coverage to as many workers as possible." Brower v. ICT Group, 164 N.J. 367, 373 (2000). Nevertheless, we cannot authorize coverage where there is a clear disregard of a statutory requirement as was the case here.

Finally, as for E.W. Millwork's arguments regarding the June 23, 2008 order denying its reconsideration motion, they are moot given our conclusion that the compensation judge erred in entering the January 14, 2008 order denying the motion to dismiss being reconsidered. That said, we are compelled to point out that the compensation judge who entered the June 23, 2003 order did not fulfill his obligation to address the merits of the motion and explain its denial. See Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) ("Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990))). The judge should not have avoided his duty by leaving reconsideration of the January 14 order to "appellate review." Even though that order was entered by a different compensation judge, the reconsideration court had the responsibility and the ability to review the record of the proceeding that produced the order.

9

In short, the judge punted without making any effort to fulfill its judicial function.

Reversed and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1426-20